The opinion of the Court was delivered at the following March term in Suffolk by
Parsons, C. J.
The question brought before the Court in this action, depends on the construction of a paragraph in the second section of the statute of 1793, c. 34., compared with the facts agreed. The paragraph referred to constitutes the twelfth mode, by which a settlement may be gained, and it provides that “ any person, being a citizen of this or any of the United States, and of the age of twenty-one years, who shall hereafter reside in any town or district within this state for the space of ten years together, and pay all state, county, town or district taxes duly assessed on such person’s poll or estate for any five years within the said time, shall thereby gain a settlement in such town or district.”
Upon looking into the facts in the case, to which this provision is to be compared, the supposed objection against the pauper’s having acquired a settlement in Mansfield must be, that he was not assessed in that town to the county tax for any five years within the ten years of lrs residence there, but only for one year.
By the eighth section of the statute of 1785, c. 50., it is enacted that all county and town taxes are to be assessed and apportioned' by the assessors of any town upon the polls and estates [ * 433 ] within the same, according * to the rules by which state taxes are, by the respective general tax acts, to be assessed and proportioned. Whenever, therefore, Richardson was *337 taxable to a state tax, he was also taxable to the county tax, and to omit assessing him to the county tax was illegal in the assessors, and a breach of their official duty But it appears that he was liable by law to be assessed for five years in the said ten years to the state tax, because he was so assessed, and also paid the assessment. For the same five years he ought to have been assessed to the county tax; and the presumption is, that he was able to pay such assessment, since during those years he in fact paid the state and town taxes, which generally are much larger. But by the manifest default of the assessors of Mansfield he was not assessed to the county tax; and it is impossible for us to doubt as to the cause of the omission. It was probably done with the expectation of preventing his gaining a settlement in their town, while their treasury was receiving the benefit of his state and town taxes.
It is the intention of the legislature, if a citizen of full age shal. live in any town for ten successive years, and during half that period has taxable property to contribute to the charges of the town, in paying his proportion of the several taxes imposed on the inhabitants, he shall have a settlement there; and shall not, if afterwards poor, be removed from a place endeared to him by so long a residence, and by his connections and habits there formed. The law presumes that every man, having taxable property, will be assessed for it, as it presumes that the assessors will do their duty, especially when obliged by their oath of office.
But assessors may through mistake assess a man without property, and the mistake may be discovered by his not paying his taxes by reason of his poverty. In such case, the five years’ assessment without payment shall * not gain a settlement [*433] for any man, he not having contributed to the burthens of his town. We cannot, however, admit a construction of the statute, by which the real intent and design of it may be frustrated by a breach of duty in the assessors, voluntarily committed to defeat the statute.
It may be said that the misconduct of the assessors was from accident. We would willingly believe it, if we could ; and if we did, the conclusion would be the same. For we are satisfied that by the true construction of the statute, a citizen having taxable estate, and being able to pay the taxes assessed on him, will gain a settlement in any town by dwelling there for ten years together, and half that time paying state and town taxes, although he is not assessed to county taxes; whether the omission arise from accident, or be chargeable to a wilful breach of official duty by the assessors. A different construction might defeat the manifest intent of the statute, by giving a sanction to the mistakes or wilful faults of assessors *338 We believe that assessors in general duly consider and regard their duties, which they have sworn to perform; and we trust that the case before us arose from want of reflection, and not from a deliberate disregard of official duty. Upon a view of the whole case, we are satisfied that the pauper gained a settlement in Mansfield and that tire plaintiffs must be nonsuit.
We have given this opinion merely upon the question of settlement. On looking into the declaration, there appear to be defects in it, all the facts necessary to give this action against the defendants not being alleged, and no express promise appearing in the case. The form of a declaration for the reimbursement of money expended in maintaining a pauper was considered in the case of The Inhabitants of Salem vs. The Inhabitants of Andover (1).

Plaintiffs nonsuit.

 3 Mass. Rep. 438.