Sew all, J.,
delivered the opinion of the Court.
If a residence or home, uninterruptedly occupied through one continued term of ten years, is required in the provision of the statute relied on for the defendants in this case, then a question to be determined is, whether the other requisite, of a payment of taxes, is established by the facts agreed, or not.
The provision of the statute, which is the twelfth mode of gaining a legal settlement, requires the residence of a citizen of the age ol twenty-one years in a town or district for the space of -ten years, togethei with the payment of taxes for any five years within said time.
It is impossible to doubt of the construction. The words are very explicit. A residence of ten years together, and a payment of taxes in any five years of the term, are required. The continuance is essential of the whole term required: the years are to be ten together, or uninterruptedly; and a different construction is excluded by the provision respecting taxes.
* Where the change of place had been for the short [ * 396 ] term of three months in a period of ten years, it might be a question of fact, and the result of evidence, whether this was a change of the party’s home and domicile, or merely an occasional absence from his home. But this question does not arise in this case, where the parties agree, in point of fact, that the pauper had changed his home, and that his return to Billerica was an accidental event, not at all connected with his removal from thence, in the intentions of the pauper. The period when he resided ten years together in Billerica commenced after his return. But whether, in that period of residence, he is proved to have paid taxes there, is, in this view of the case, all that is necessary to be *394 decided. The period of uninterrupted residence, when his hom< Iras been altogether at Billerica, commenced in the latter part of 1795, or the beginning of 1796.
The assessment for 1795 was before the removal of the pauper to Chelmsford, according to the usual time of assessing taxes ; and then five years’ taxes, within the term of ten years together, are not proved to have been paid by the pauper
The partial abatement of the tax in 1805 would, of itself, make no difference ; because the settlement does not depend upon the quantum of tax paid, or the species of tax; but upon the assessment and payment of some tax, for the poll or the estate. The expression in the statute, “all taxes duly assessed,” is not to be construed to mean all that may be claimed by any assessment; but all that shall be insisted on as duly assessed. An abatement supposes the assessment not duly made. If the tax be wholly abated, it is as if no assessment had been made; and if the tax be partially abated, and the residue paid, then all that was duly assessed has been paid. So, too, when the abatement has been a contrivance, to prevent the effect of this provision of the statute,'in fraudem legis, in the abatement of an inconsiderable county tax, the Court have gone so far as to consider the tax assessed and paid for all the purposes of this provision of the statute. (1) [ * 397 ] * But in the case at bar there is no suggestion of any fact or circumstance from which a suspicion of that kind could arise. For five years, between 1797 and 1803, there was no assessment, or none that was insisted on ; and none since 1805. This is a case, therefore, where, although the residence has not been questioned, no removal has been attempted; yet the party has been regarded and treated as a poor man, of no competent ability to be received as an inhabitant; taking the fact to have been that the tax of 1795 had been assessed before the removal to Chelmsford.
The positive rule enacted is a line of discrimination, by which questions of this kind are to be decided. And we must not render the rule uncertain, the line variable and shifting, if I may so express it, by yielding to arguments of expediency, or by reasoning upon the general purposes of the discrimination. The purpose of the legislature, which is fully expressed, and is suited to the occasion, is a line of discrimination, arbitrarily assumed, indeed, but to be punc iliously observed.

Defendants defaulted

*395 ADDITIONAL NOTE.
[See Southborough vs. Marlborough, 24 Pick. 166.—Randolph vs. Easton, 23 Pick. 242. — Monson vs. Chester, 22 Pick. 385. — Robbins vs. Townsend, 20 Pick. 394.— Lexington vs. Burlington, 19 Pick. 426.—Jefferson vs. Washington, 1 Apple. 293.— Phillips vs. Kingfield, 1 Apple. 375. — Henniker vs. Weave, 9 N. H. 573.
To gain a settlement by payment of taxes, the party must pay all the taxes duly assessed upon him for the period specified. Payment of a part, and a discharge from the rest by vote of the town, are not sufficient. — Shrewsbury vs. Salem, 19 Pick. 389.
Nor is a settlement gained by being taxed for five years, if during that time the party has left the town with the intent never to return; though he changed his intention, and did return within the same year. — Westbrook vs. Bowdoinham, 7 Greenl. 367.
The assessment of taxes for five successive years upon one afterw ards a pauper, does not estop the town, in a question of settlement, from showing that during part of that period his domicile was elsewhere. — Ibid.
A person does not gain a settlement by residing in a town ten years together, and .paying taxes there for any five of those years, if within that time he is committed to jail, and, while there, demands and receives relief as a pauper from the jailer. —East, &c., vs. Sudbury, 12 Pick. 1.
Upon such question of settlement, payment of the highway tax for one year will be presumed, from its not being included in the tax-bill for the next; but the presumption may be rebutted. — Attleborough vs. Middleborougk, 10 Pick. 378.
The burden of proof of such payment is on the party which alleges a settlement derived therefrom.—Ibid.
'Whether the town, charged by this means, can at any time avoid its liability by showing that the tax was illegally assessed, qucere. It certainly cannot, after the remedy to recover the tax is barred by lapse of time. —Charlemont vs. Conwav. 8 Pick 408. —F. H.]

 5 Mass. Rep. 430, Wrentham vs. Attleborough.