## The Inhabitants of SHREWSBURY *versus* The Inhabitants of SALEM.

A person, in order to gain a settlement in a town, in the twelfth mode prescribed by *St.* 1793, *c.* 34, § 2, must pay all the taxes duly assessed upon him for five out of the ten years of his residence in such town ; and it is not sufficient, if he pays a part only of such taxes, and is discharged from the payment of the residue by a vote of the town.

ASSUMPSIT to recover compensation for the support of William Jeffrey, a pauper.

At the trial, before *Morton* J., the settlement of the pauper was admitted to have been originally in Salem ; and the defence set up was, that he had acquired a settlement in Shrewsbury by residing in that town for ten years, and paying taxes there for five of those years.

It appeared, that the pauper resided in Shrewsbury from 1800 to 1810 ; that he paid all the taxes assessed upon him there in 1803, 1804, 1805 and 1808 ; that in 1807, he was assessed for a State, county, town and highway tax, but paid only the highway tax ; and that at a meeting of the inhabitants of Shrewsbury, in April 1810, it was "granted by vote to discharge" the tax of the pauper for $2·34, for the year 1807.

Upon these facts, the judge ordered a nonsuit to be entered, with leave to move the whole Court to take it off. If this ruling was incorrect, the defendants were to be defaulted.

*Washburn*, for the plaintiffs, cited *Wrentham* v. *Attleborough*, 5 Mass. R. 430 ; *Billerica* v. *Chelmsford*, 10 Mass. R. 394 ; *Andover* v. *Chelmsford*, 16 Mass. R. 236 ; *Charlemont* v. *Conway*, 8 Pick. 408 ; *Attleborough* v. *Middleborough*, 10 Pick. 378 ; *Nelson* v. *Milford*, 7 Pick. 28 ; *St.* 1785, *c.* 50, § 10 ; *St.* 1821, *c.* 107, § 6.

*C. Allen*, for the defendants.

*Oct. 10th.*

33*

SHAW C. J. delivered the opinion of the Court  It being admitted that Jeffrey, the pauper, formerly had his settlement in Salem, it must be deemed to continue there, unless that town can show, that he gained a settlement elsewhere.  The defence is that he gained a settlement, by the twelfth mode provided in *St.* 1793, *c.* 34, § 2.  The statute is explicit, that he must have paid all State, county and town taxes, duly assessed on his poll or estate, for any five years within the ten years of his residence.  Paying all taxes for four years, and part for a fifth, is not sufficient.

But the defendants rely upon the other fact stated in the case, that in 1810 these taxes were discharged by a vote of the town, and they contend, that this brings it within the authority of the case of *Billerica* v. *Chelmsford*, 10 Mass. R. 394.  In that case it is stated, though it was not the point on which the case was decided, that an abatement of a tax, in whole or in part, presupposes that it had not been duly assessed, and when abated, such tax is to be considered as if it had never been assessed, and if all taxes were paid, except those thus abated, it would be a payment of all taxes duly assessed within the true intent of this statute.

But the Court are of opinion, that the present does not fall within the authority of that case.  An abatement, as contemplated in that case, is made by the assessors, pursuant to the *St.* 1785, *c.* 50, § 10.  It presupposes some error or mistake in the assessment, and is to be made on the application of the party aggrieved, who has been assessed beyond his due proportion, and the authority extends to State, county, town and parish taxes.  It is an authority to the assessors, to amend an erroneous assessment ; and when such amendment is made, it is the diminished and corrected tax, and not the original erroneous one, which the law considers to be the tax duly assessed.

But the vote of the town, discharging the taxes in the present case, proceeds on no such principle, and has no such legal effect.  It is even doubtful whether a town can, by vote, remit or discharge a State or county tax.  *Nelson* v. *Milford*, 7 Pick. 18.  But the vote does not assume or imply that the tax was not rightfully assessed.  It might have been justly and legally assessed, and yet after a lapse of four years, circum-

stances might occur, rendering it inexpedient, in the judgment of the town, to urge the payment of it. It is not, therefore, within the reason or the authority of the case cited. As the pauper did not pay the taxes duly assessed upon him, five years out of the ten, although he resided ten years in Shrewsbury, and paid all his taxes for four of them, he did not acquire a settlement by force of the statute, and, of course, his settlement in Salem remained unchanged.

Shrewsbury<br>v.<br>Salem.

*Nonsuit taken off, and defendants defaulted.*