## WEARE *v.* DEERING.

A person cannot gain a settlement in the fourth method, without being, in some legal sense, the payer of the taxes duly assessed on his estate.

ASSUMPSIT, for relief furnished a pauper in 1873. Facts found by a referee. The pauper had a settlement in Deering in 1857. After 1860, he lived four successive years on a farm in Weare, of which he had a life lease; and his life estate was worth more than $150. He withheld his lease from record for the purpose of defrauding his creditors. The farm (including the whole title) was taxed to the lessor, who lived on it with the lessee.

*Cross & Burnham*, for the plaintiffs.

By the act of 1796, the person gaining ·a settlement in the fourth method must pay all taxes duly assessed on " the estate aforesaid;" and the meaning has not been changed by the revisions of the statute.

*Briggs & Huse*, for the defendants.

It is not the intention of the statute to require that the party himself should have paid the taxes, but that whatever taxes might have been assessed should have been paid. Our Revised Statutes, *c.* 40, *s.* 7, allowed real estate to be taxed to " the person claiming the same, or to the person who is in actual possession and occupancy thereof." Now, if it be true that, in order to gain a settlement, the party himself must pay the taxes, then a man might be a resident of a town for a lifetime, and own half the real estate in town, and yet not gain a settlement under the fourth method, unless he, in person, paid the tax on his real property.

DOE, C. J. A person of full age, dwelling and having his home in one town for four successive years, and during all that time having real estate worth $150, or personal estate worth $250, and bearing his share of the public burdens by paying all taxes duly assessed on him and his estate, is entitled to relief as a contributor to the common fund provided by that community for the support of its members who fall into distress. When unable to support himself, he is not to be removed, for the cause of poverty, from the town in which he has chosen to live, and in which, by performing for four successive years the tax-paying duties of a citizen and owner of the prescribed amount of property, he has earned a right to live. This was the ground on which the law originally allowed him to " gain a settlement" in the fourth method. Rev. St., *c.* 65, *s.* 1; Gen. St., *c.* 73, *s.* 1; *Wrentham* v. *Attleborough*, 5 Mass. 430, 432, 433; *Sudbury* v. *Stow*, 13 Mass. 462, 464; *W. Newbury* v. *Bradford*, 3 Met. 428, 430; *Charles-*

*town* v. *Groveland,* 15 Gray 15, 18 ; *Amenia* v. *Stanford,* 6 Johns. 92, 93.

In this case, the life estate was not taxed as a life estate, or as the property of the lessee : but it was taxed. It was a part of the fee, the whole of which was taxed to the lessor. It is to be inferred that, in taxation, the life estate and the remainder were united by the direction or with the assent of the lessor and lessee, for the lessee's purpose (shown by the purpose for which he withheld the lease from record) of concealing his title from his creditors. So far as his gaining a settlement was concerned, the taxes were duly assessed on his estate. It does not appear that any part of the taxes was paid by anybody. The payment of them by the lessor would not give the lessee a settlement. The lessee could have gained a settlement without paying his taxes in person,—but not without being the payer of them, in some legal sense, within the reason of the law that requires from him the payment of such contributions to the town treasury from which he is to be relieved, as were duly assessed on him and his estate. His share of the public burden was necessarily borne by somebody. It was not borne by him. Not being, in any sense, the payer of the taxes duly assessed on his estate, he gained no settlement in Weare.

*Case discharged.*