Coös,
April 2, 1918.

### COUNTY OF COÖS *v.* BERLIN.

A settlement cannot be acquired by the payment of taxes, unless the taxes assessed were paid by the party claiming the settlement.

ASSUMPSIT, to recover for the support of a pauper, who the plaintiff claimed had a settlement in Berlin. It appeared that the pauper owned certain real estate in Berlin, and that a mortgage thereof had been executed by her and was in process of foreclosure in 1912. Conditional judgment was given in December, and in March, 1913, the mortgagee paid the taxes for 1912. If this payment is to be

treated as made by the mortgagor, she had a settlement in Berlin, otherwise she had no settlement. In the superior court, *Branch*, J., found for the plaintiff, and transferred the case from the April term, 1917, upon the defendant's exception.

*Harry G. Noyes*, solicitor, (by brief and orally), for the plaintiff.

*Warren W. James* (by brief and orally), for the defendant.

PEASLEE, J. It is claimed that the pauper gained a settlement under the statute which provides that "Any maiden woman of the age of twenty-one years who shall have resided in any town in this state seven years in succession, shall have paid all taxes legally assessed during that term, or four years on any real estate, shall thereby gain a settlement in such town." Laws 1911, c. 172, s. 1. While this statute differs from the earlier one as to the amount of property the pauper must have possessed and the period during which taxes must have been paid, the requirement that all taxes assessed must have been paid by the party claiming a settlement remains unchanged.

In order that a payment of taxes shall comply with the statute, it must be such as to constitute a performance of the tax-paying duty of a citizen by the party claiming the right of settlement. It is in this way only that he "earns a right to live" in that particular town. He must be the payer of the taxes "in some legal sense, within the reason of the law that requires from him such contributions to the town treasury." *Weare* v. *Deering*, 58 N. H. 206, 207.

It is not sufficient that the property is taxed and the tax paid. That was the situation in the case above cited. *S. C.* 60 N. H. 56. The defect there was that the pauper did not make the payment. There is the same difficulty in the present case. If it were conceded that the payment of the tax by the mortgagee created a debt recoverable from the mortgagor, it would not affect the result. In that event, the debt would have its inception in the failure of the pauper to perform the taxpayer's duty, and it is illogical to conclude that failure to perform a duty could be treated as in any sense the performance of it. It does not appear that there was any contract that the mortgagee should pay the taxes, and presumably the agreement was the usual one that the mortgagor should do so. The mortgagee's right to pay and look to the mortgagor for reimbursement does not arise from a request by the mortgagor for such pay-

ment in her behalf, but from the right to protect the mortgage title at the mortgagor's expense. Payment by the mortgagee not being shown to have been contracted for by the mortgagor, it cannot be treated as a payment by her procurement.

There is nothing to take the case out of the rule laid down in *Weare* v. *Deering, supra.*

*Exception sustained.*

All concurred.