INHABITANTS OF PLYMOUTH vs. INHABITANTS OF WAREHAM.

Plymouth. Oct. 15, 1878. — April 8, 1879. AMES, ENDICOTT & SOULE, JJ., absent.

In an action against a town for supplies furnished J. S., a pauper, the issue was whether J. S. had acquired a settlement in the defendant town, under the St. of 1874, c. 274, by paying a tax duly assessed on his poll or estate for three years of the five years of his residence there. It appeared that in one of the three years his name was not on the valuation list, nor on the tax-list made by the assessors and delivered with the warrant to collect the same to the collector; that a clerk of the collector, without authority, and without the knowledge of the assessors until after this action was brought, added the name of J. S. to the list, and he paid a poll-tax to the collector, who paid it into the town treasury. Held, that J. S. had not been duly assessed for that year; and that the town was not estopped to deny the same.

CONTRACT for supplies furnished to Daniel McLeod, a pauper, in the years 1875, 1876 and 1877. At the trial in the Superior Court, before *Brigham*, C. J., without a jury, the plaintiff contended that McLeod had acquired a settlement in the defendant town, under the provisions of the St. of 1874, c. 274, by residing there for five years together, and paying all taxes duly assessed on his poll or estate for three years within that time.

It appeared that McLeod had lived in the defendant town for five years together, and had been duly assessed a tax upon his poll for the years 1868 and 1870, two of these years, and had paid the same. The facts bearing upon the question whether he had been duly assessed a tax for the year 1869, and had paid the same, are stated in the opinion. The judge found for the plaintiff; and the defendant alleged exceptions.

*E. Ames*, for the defendant.

*A. Mason & A. Lord*, for the plaintiff.

LORD, J. The only question raised in this case is whether a poll-tax was legally assessed upon Donald McLeod in the defendant town for the year 1869; or, to state the question more precisely, according to the theory of the plaintiff, Is it competent, upon the facts shown in the case, for the defendant to deny that such poll-tax was duly assessed upon McLeod for that year?

The facts are these: McLeod was duly assessed a poll-tax for 1868 and 1870, which he paid; his name was not placed upon

the valuation list, nor was any tax assessed upon him by the assessors of Wareham in 1869; the assessors, however, made a tax-list for that year from the valuation list of the year, and a warrant upon such tax-list, dated July 31, 1869, and delivered the same, in a book issued by them, to Alvin Gibbs, collector of taxes of Wareham. In the list so made and delivered to the collector, the name of McLeod did not appear; the assessors had assessed no tax upon him, and had committed none to the collector. The book which was delivered to the collector contained, first, the names of all resident tax-payers, with the amount of the taxes upon polls, and real and personal estate, under the appropriate heads in the form prescribed by law. At the end of such list of resident tax-payers, there followed two blank leaves; after which was a list of non-resident tax-payers, in the usual and appropriate form. On the page following the last-named list, and at the top of it, and after its commitment to the collector, was written the word "Added," and below the word "Added" were written the names of thirteen persons, among which was "McLeod, Donald." The page upon which these words were written had upon the top of it the printed words, "Names," "No. of Polls," and "Poll-tax." Whether those printed words were all that was printed upon the page, and whether they were merely a continuation of a running title which went through the book, does not appear by the bill of exceptions, nor is it material. The name "McLeod, Donald," was written under the printed words at the top of the page, "Names" and "No. of Polls," and under the words printed at the top, "Poll-tax," was inserted against the name of McLeod "$2.00." These entries were written by a clerk of the collector, and on the right-hand leaf was entered a memorandum indicating that said McLeod paid the said poll-tax, less ten per cent discount, on August 31, 1869; and the court found, as matter of fact, that said sum was paid into the town treasury. None of the writing upon that page was upon it when it was delivered by the assessors to the collector, nor was it entered by their authority or consent, nor had they any knowledge of its existence until after the claim was made upon them which is the subject of the present suit; and the claim of the plaintiff is that the money thus collected as and for the poll-tax of McLeod, and paid into the town treasury, is so far a pay-

ment of a tax duly assessed as that the defendant town cannot now say that it was not duly assessed and paid by said McLeod.

It is not necessary in this case to review the authorities or to expound the principles upon which the liability of towns for the support of paupers is fixed within this Commonwealth. This has been very elaborately done by Dewey, J., in *Robbins* v. *Townsend*, 20 Pick. 345; by Morton, J., in *Monson* v. *Chester*, 22 Pick. 385; and by Shaw, C. J., in *Berlin* v. *Bolton*, 10 Met. 115.. By these decisions, it is settled that the liability of a town is a strict statute liability, to be fixed by positive rule. The statutes upon the subject are in no sense remedial, and are not to be modified or enlarged by construction or by any apparent equities, and nothing is to be deemed to be within the spirit and meaning of the statutes which is not clearly expressed by their words.

Upon these principles, we are to determine whether a poll-tax was duly assessed upon McLeod by the defendant town for the year 1869. It is perfectly clear that no tax was assessed to him in that year, by the town or by any officer of the town authorized by law to make an assessment, so that the only question remaining is whether the town is estopped to deny that such tax was duly assessed, by reason of the facts that the collector's clerk, without authority, inserted in the book the name of the person taxed and the amount of the tax collected, and that the same was paid into the town treasury. It has sometimes been contended that the omission to tax a person liable to taxation, especially if such omission is for the purpose of preventing the acquisition of a settlement, is equivalent to an actual taxation. The case of *Wrentham* v. *Attleborough*, 5 Mass. 430, is the only case which affords any presumption in favor of such doctrine; but that case has been so many times explained, and criticised, and doubted, that it is unnecessary again to discuss it. It is sufficient to say that, so far as it is supposed to be authority to the point that liability to taxation is equivalent to actual taxation, it is expressly denied by each of the three learned judges in the cases above cited. There can therefore be no pretence that, because McLeod was liable to be assessed for a poll-tax in 1869, such liability is equivalent to actual taxation. The claim in this case is that the defendant town, having received the tax

into its treasury, is estopped to deny that such tax was **duly** assessed.

It is a general rule that a party cannot set up, by way of estoppel against another party, any act or declaration, unless by reason of such act or declaration he has been led to do or omit to do something which otherwise he would have not omitted or not done. If, under the decisions before referred to, and the authorities therein cited, there can ever be a settlement acquired by estoppel, it is very clear that such a settlement cannot be so acquired in this case.

The case relied upon to sustain the plaintiff's view is *Charlemont* v. *Conway*, 8 Pick. 408. In that case, the pauper's father was assessed in Conway for state, county and town taxes, for five years during the period from 1797 to 1803 inclusive, and he paid all those taxes, including a town tax for 1798, except the state and county tax of that year. The state and county tax was held to have been illegally assessed, and so, having paid all state, county and town taxes for five years which were legally assessed, he was deemed to have acquired a settlement. The defendant town then proposed to show that all the assessments of taxes during the whole five years were illegal, and the Court of Common Pleas excluded the evidence. Chief Justice Parker, delivering the opinion of this court, sustaining that ruling, said: " It is near thirty years since the last of these taxes was assessed and paid. There has been no call for reimbursement, and none could be sustained at this period." The opinion concludes with this language: " It may be doubted, whether a town can, at any time, set up its own illegal proceedings in regard to taxes, or the misconduct of its officers, after the taxes have been paid, to defeat the settlement gained thereby. But after such a lapse of time as shuts out all claim for reimbursement, we think it clear they cannot."

Giving to this language its full force and effect as applied to the case then before the court, it is clear that the learned Chief Justice intended the remark to apply to the illegality of the proceedings of the town itself, or the misconduct of its officers in the assessment of the tax. In the case at bar, the officers of the town assessed no tax whatever upon McLeod for the year 1869, whether legal or illegal, and the act of the collector's clerk in

adding the name of McLeod and taking from him the amount of the poll-tax was wholly unauthorized and void. It is true that he paid that amount into the town treasury, but it does not appear, nor is there any reason to suppose that he paid $1.80 to the treasurer of the town specifically as the poll-tax of McLeod; and if that were to be assumed, the town treasurer had no means of knowing whether or not the tax was proper to be paid, and there is no evidence whatever that any officer of the town ever knew that such amount had been paid. It does not appear that the collector himself had any knowledge whatever of the unauthorized act of his clerk. The recent acts of the Legislature, authorizing an assessment of taxes after the time fixed by law, have no bearing upon the question before us, for there is no claim that any such assessment was made, and if the omission to tax McLeod was of such a character as to authorize a subsequent taxation of him, the fact that no application was made for such assessment, and no such assessment was made, tend only to confirm the view that no tax was duly assessed upon him.

It is the duty of the plaintiff town, with the burden of proof upon it, to show every material fact necessary to fix the strict statute liability upon the defendant town; and, having failed to do this, it is not entitled to recover.

The case was argued and has been decided by us upon the assumption that, if a tax of 1869 had been duly assessed and paid, a settlement would have been established under the St. of 1874, *c.* 274, although sufficient facts are not reported to show that such would have been the case. No point, however, having been made upon it, and the case not being before us in that view, the question is a wholly immaterial one, and needs no discussion. *Exceptions sustained.*