INHABITANTS OF PERU *vs.* ELIZA A. POLAND.

Oxford. Opinion April 7, 1886.

*Married woman. Re-imbursement for pauper supplies. R. S., c. 24, § 45.*

Where a married woman who has been totally deserted by her husband, makes application for and receives pauper supplies, her coverture is no bar to an action against her for re-imbursement under R. S., c. 24, § 45.

ON REPORT.

An action under R. S., c. 24, § 45, for re-imbursement for pauper supplies furnished the defendant upon her application by Oxford and Auburn and re-imbursed by the plaintiff town where the defendant had a legal settlement. The opinion states the material facts.

*A. E. Herrick,* for the plaintiffs, cited: *Brewer* v. *East Machias,* 27 Maine, 495; *Cutler* v. *Maker,* 41 Maine, 594; *Deer Isle* v. *Eaton,* 12 Mass. 328; *Kennebunkport* v. *Smith,* 22 Maine, 449; *Alna* v. *Plummer,* 4 Maine, 262; *Green* v. *Buckfield,* 3 Maine, 136; *Dixmont* v. *Biddeford,* 3 Maine, 205; *Augusta* v. *Kingfield,* 36 Maine, 239; *Raymond* v. *Harrison,* 11 Maine, 190; *Berkeley* v. *Taunton,* 19 Pick. 480; *Lewiston* v. *Harrison,* 69 Maine, 504; *Hanover* v. *Turner,* 14 Mass. 227; *New Bedford* v. *Chace,* 5 Gray, 28.

*John P. Swasey,* for the defendant.

The statute upon which the plaintiffs claim to recover was

evidently copied from the statutes of Massachusetts, and have stood upon our statute books ever since our organization as a state. It was the law of Massachusetts from June 1, 1818, until the revision of the statute when it was repealed. See *Stow* v. *Sawyer*, 3 Allen, 515; *Groveland* v. *Medford*, 1 Allen, 23. Hence it will be seen that the remedy relied upon by these plaintiffs against this defendant existed long prior to the enactments of the statute creating any liability upon the part of a married woman, and while marriage was a complete defense to all suits upon her contracts, express or implied.

By reason of her marriage her settlement as a pauper was fixed in the town of Peru. If her settlement had been in any other town Peru could not have made her liable by voluntary payment to Oxford and Auburn without an express contract. The plaintiffs paid Oxford and Auburn solely on the ground that the defendant's husband had his settlement in Peru, and the moment they incurred any expense the husband of the defendant became liable under the statute invoked by the plaintiffs. Can it be that the legislature a quarter of a century before a married woman had a legal existence should enact a law, thought to be unfit to be continued in the statutes of Massachusetts, capable of such a construction that in case a contract of marriage should link her settlement to that of a vagabond of a husband, the plaintiffs, because she happens to be the wife of their pauper and reduced to want by the acts of their pauper, can maintain a suit for re-imbursement against either? The married woman act was intended for her advantage and protection and not to operate to her injury and destruction.

EMERY, J. From the evidence and admissions we gather the following facts.

The defendant was a married woman but had been deserted by her husband who had left the state. Her pauper settlement was in the plaintiff town solely by virtue of her husband's pauper settlement being in that town. In 1879 and 1880, after the husband's desertion, the plaintiff town incurred expense for the support of the defendant, she having called for, and received pauper supplies. The action is under R. S., 1871, c. 24, sec.

34, now R. S., 1883, c. 24, sec. 45. The only question is, whether her coverture is a bar.

We do not think it is. At the time, and under the circumstances, she could have made express or implied contracts for her support, which would be binding on her as if sole. Any person furnishing her with needful supplies at her request, could have maintained an action therefor against her, despite her coverture. We think the statute gives the town as much right. Its language is explicit "A town which has incurred expense for the support of a pauper . . . . may recover of him," etc. "The statute is remedial, not penal. It gives to the inhabitants of a town the right to be re-imbursed for an expenditure incurred by authority of law against the recipient of the benefit. It merely creates an implied promise on his or her part to make the reimbursement." WHITMAN, C. J., in *Kennebunkport* v. *Smith*, 22 Maine, 449. There is no exception in favor of married women.

*Judgment for plaintiffs for $67.19 and interest from date of the writ.*

PETERS, C. J., WALTON, VIRGIN and HASKELL, JJ., concurred.