HENRY DAVIS

*vs.*

INHABITANTS OF MILTON PLANTATION.

Oxford.    Opinion July 29, 1897.

*State Paupers. Plantations. R. S., c. 24, § § 29, 33, 43.*

The obligations of towns and plantations in reference to the support of paupers result from provisions of positive law.

They have no elements of contract, express or implied.

Revised Statutes, c. 24, § 33, provide that : "Persons found in plantations having a population of more than two hundred, . . . and a state valuation of forty thousand dollars, and needing relief, are under the care of the assessors of such plantations ; and the duties and powers of such assessors relative to such persons, are the same in every respect as overseers of the poor in

towns have in like cases ; and such plantations shall assess and raise all moneys necessary to defray the expenses incurred in the care of such persons ; and plantations so furnishing relief, have the same remedies against towns of their settlement, that towns have in like cases. But this section does not extend to or affect the laws concerning so-called State paupers or paupers' settlements."

The effect of this section is to impose upon the assessors of such plantation the duty of looking after that class of paupers for the support of whom they have their remedy against the towns where is to be found their legal settlement.

It does not impose on such assessors the duty of looking after so-called State paupers.

That duty is imposed upon the assessors of the "oldest incorporated adjoining town, or nearest incorporated town where there are none adjoining" as specified in § 29.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action to recover for the burial expenses of a state pauper who died in Milton Plantation, and of which plantation the plaintiff was a resident.

In the course of the trial the presiding justice made the following pro forma ruling: "If you find the issues of fact in favor of the plaintiff; if you find, in other words, that the plaintiff would be otherwise entitled to recover if the defendants had been an incorporated town, he may also recover against these defendants, who are only an organized plantation and not a town. It would be immaterial whether they were an organized plantation, merely, or an incorporated town. For the purposes of this trial, I give you that rule."

The defendant took an exception to this ruling and also filed a general motion for a new trial, a verdict for the plaintiff having been returned by the jury.

*J. S. Wright*, for plaintiff.

*J. P. Swasey*, for defendants.

SITTING: PETERS, C. J., EMERY, FOSTER, HASKELL, STROUT, JJ.

FOSTER, J. The plaintiff, a resident of the defendant planta-

tion, sues to recover for the burial expenses of a state pauper who died in said plantation.

Exception is taken to the ruling of the presiding justice that if the plaintiff would be otherwise entitled to recover, if the defendants had been an incorporated town, he might also recover against these defendants who are only an organized plantation and not a town.

We think this ruling cannot be sustained.

The obligations of towns and plantations in reference to the support of paupers result from provisions of positive law. Whatever there is originates solely from statutory enactment, and it has none of the elements of a contract, express or implied. There are no equitable considerations out of which presumptions will arise in favor of either party. " The statutes upon the subject are in no sense remedial, and are not to be modified or enlarged by construction or by any apparent equities, and nothing is to be deemed to be within the spirit and meaning of the statutes which is not clearly expressed in words." *Plymouth* v. *Wareham,* 126 Mass. 475, 477.

Therefore, unless the plaintiff can bring his case within the express provision of some statute he must fail, for there is no moral obligation resting upon the defendant plantation to support its paupers. *Newry* v. *Gilead,* 60 Maine, 154, 156.

It is admitted that the person for whose burial expenses this suit is brought was a state pauper.

Revised Statutes, c. 24, § 33, imposes upon certain plantations certain obligations with reference to "persons found" within their limits, and needing relief. It is as follows: "Persons found in plantations having a population of more than two hundred, to be determined by the returns of the county commissioners, as provided by section seventy of chapter three, and a state valuation of forty thousand dollars, and needing relief, are under the care of the assessors of such plantations; and the duties and powers of such assessors relative to such persons, are the same in every respect as overseers of the poor in towns have in like cases, and such plantations shall assess and raise all moneys necessary to defray the

expense incurred in the care of such persons; and plantations so furnishing relief, have the same remedies against the towns of their settlement, that towns have in like cases. But this section does not extend to or affect the laws concerning so-called state paupers or paupers' settlements."

It is admitted that the valuation and population of the defendant plantaion bring it within that section.

But it will be noticed that the duty imposed "does not extend to" state paupers, but only such as have a settlement in some town. The effect of this section is to impose upon the assessors of such plantation the duty of looking after that class of paupers for the support of whom they have their remedy against the towns where is to be found their legal settlement. This duty was formerly cast upon the oldest adjoining town, (§ 29,) and this duty still continues in relation to the so-called state paupers.

The closing period of the section expressly provides that "this section does not extend to, or affect the laws concerning so-called state paupers or paupers' settlements." The defendant plantation was under no obligation to provide means or raise money for the relief of "state paupers," and there are no express provisions of statute giving it any remedy against the state. Any such claim for the support of state paupers in such plantations must come through the oldest incorporated adjoining town, or nearest incorporated town where there are none adjoining, as specified in § 29, (amended by c. 31, laws of 1887). Such certainly must be the clear meaning of the law, else why did the legislature re-enact the law in 1887, and why did not the legislature except from the liability imposed on the oldest adjoining town to relieve state paupers in unincorporated plantations, such as were found in plantations having a valuation of forty thousand dollars, and a population of two hundred?

This section, properly construed in connection with the last sentence contained in it, is as if it read:—"Persons [other than state paupers] found in plantations having a population of more than two hundred," etc.

It is not the duty of unincorporated plantations to provide for

support of state paupers, or raise money for their relief, but by express statute, "persons found in places not incorporated and needing relief, are under the care of the assessors of the oldest incorporated adjoining town . . . . and when such paupers have no legal settlement in the state, the state shall reimburse said town for the relief furnished," etc.

Neither does § 43 apply to a case like this, wherein it is provided that "towns shall pay expenses necessarily incurred for the relief of paupers by an inhabitant not liable for their support, after notice and request to the overseers, until provision is made for them."

If it was not the duty of the defendant plantation to provide support for deceased, who, it is admitted was a state pauper, then it was under no legal obligation to pay for the expenses of burial for which this suit is brought; could not properly raise the money therefor, there being no statute authorizing it, and this action can not be maintained.

*Exceptions and motion sustained.*