CITY OF AUBURN

*vs.*

INHABITANTS OF THE TOWN OF FARMINGTON.

Androscoggin.     Opinion, November 21, 1934.

*Donald W. Webber*, for plaintiff.
*Sumner P. Mills,*
*Samuel O. Foss, Jr.*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.    Action of assumpsit for supplies furnished a person having a pauper settlement in the town of Farmington found destitute in the City of Auburn. The case, submitted on an agreed statement of facts, was heard by the trial judge at *Nisi Prius* with jury waived. Decision for the plaintiff was filed and exceptions reserved.

There is no controversy as to the material facts. The pauper fell

into distress in Auburn and supplies were furnished him as alleged in the writ. For the purposes of this trial, it is admitted that his pauper settlement was then in Farmington. The statutory notice was given the town of settlement and denial duly made as required by R. S., Chap. 33, Secs. 31, 32.

The further facts stated in the reported case are as follows:

"It is further agreed that the said (pauper) did perform labor for the City of Auburn a sufficient number of days to offset the amount of supplies furnished, upon a fixed standard of $2.00 per day then in operation as a yardstick for quantity of labor to be done by paupers for the City of Auburn, under the direction of the Poor Department.

"It is agreed that the labor of the said (pauper) was performed under the direction of the Overseers of the Poor because the said (pauper) had applied for supplies and aid."

At common law, public authorities were not liable for the support of paupers. The obligation of towns and plantations in reference to their support originates solely in statutory enactment and has none of the elements of a contract, express or implied. There are no equitable considerations out of which presumptions in favor of either party will arise. The statutes upon the subject are not to be modified or enlarged by construction and nothing is to be deemed to be within their spirit and meaning which is not clearly expressed in words. *Davis* v. *Milton Plantation,* 90 Me., 512, 514, 38 A., 539; *Augusta* v. *Waterville,* 106 Me., 394, 398, 76 A., 707; *Plymouth* v. *Wareham,* 126 Mass., 475, 477.

A search of the statutes in force in this jurisdiction discloses no authority for the employment of this pauper without compensation by the town where he fell into distress. The law is found in Chapter 33 of the Revised Statutes as amended, which relates to paupers, their settlement and support. The overseers of the poor have the care of persons chargeable to their town and may cause them to be employed at the expense of the town and the town may direct their employment. Section 10 as amended. They may "set to work, or by deed bind to service upon reasonable terms, for a time not exceeding one year, persons having settlements in their towns . . ." Section 20. No other provision for the employment of paupers ap-

pears in the statutes. The express authority found there applies only to towns in which the pauper has a settlement.

The town relieving destitute persons having no settlement therein, however, is not without remedy. If the pauper has a settlement in the state, expenses incurred for his relief may be recovered from the town chargeable with his support. Section 29 as amended. Reimbursement of expenditures made for relief of destitute persons having no legal settlement in the state may be had from the State in such amount as the governor and council shall adjudge to have been necessarily expended therefor. Section 22. If the town incurs expense for the support of a pauper, whether he has a settlement there or not, it may recover it of him, his executors or administrators. Section 39. These are the only remedies available when the pauper has no settlement in the town. The overseers of the poor do not have the care of the person of such paupers, nor the direction of their employment.

Section 39 of the Pauper Law, giving a right of recovery against the pauper, is remedial. It gives the inhabitants of a town the right to be reimbursed by the recipient of the benefit for an expenditure incurred by authority of law. It creates an implied promise on the part of the pauper to make the reimbursement. *Kennebunkport* v. *Smith*, 22 Me., 449; *Peru* v. *Poland*, 78 Me., 215, 217, 3 A., 284. Repayment of such expenditures in money or other approved medium by the pauper extinguishes the debt. It no longer exists as against the pauper or the town of his settlement. It is elementary law that the payment by one of two or more co-debtors extinguishes the debt.

The City of Auburn appropriated the labor of the pauper here relieved because it had furnished him with supplies. The value of his labor, measured by the established standard of wages for that kind of work, equalled the expenditures made in his behalf. On the case stated, we are of opinion that Auburn may be held to have impliedly consented to accept payment for the supplies in the medium of the pauper's labor and, having received it, has no cause of action either against the pauper or the town chargeable with his support.

The ruling below presents an error of law. It is reviewable on exceptions. The entry is

*Exceptions sustained.*