Josephine OLIVER

v.

Michael PETIT, Commissioner of
Department of Human Services
of the State of Maine

and

City of Augusta.

Supreme Judicial Court of Maine.

Argued Jan. 19, 1981.

Decided July 19, 1981.

Pine Tree Legal Assistance, Inc., Kim M. Vandermeulen (orally), Richard M. Goldman, Augusta, for plaintiff.

Richard S. Cohen, William C. Nugent (orally), Asst. Attys. Gen., Augusta, for Petit.

Sanborn, Moreshead, Schade & Dawson, Charles E. Moreshead (orally), Augusta, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ., and DUFRESNE, A.R.J.

CARTER, Justice.

 The plaintiff, Josephine Oliver, appeals from a judgment of the Superior Court (Kennebec County) affirming a fair hearing decision of the Department of Human Services.[1] We affirm the judgment below.

From January 1 to March 22, 1979, the City of Augusta provided Oliver with municipal general assistance through the program established pursuant to 22 M.R.S.A. §§ 4450–4508.[2] When she applied for this municipal assistance, on December 29, 1978, Oliver signed a form containing the following provisions:

> I request that General Assistance be provided to me during the period in which my S.S.I. application is pending.
>
> In consideration of the prompt payment of General Assistance by Augusta, Me.,
>
> (Name of Town)
>
> I hereby authorize the Social Security Administration to make the initial pay-

ment of Supplemental Income Benefits for which I am determined to be eligible to the State of Maine Department of Human Services.

> I further authorize the State of Maine Department of Human Services to deduct from my initial payment an amount sufficient to reimburse Augusta, Me.
>
> (Name of Town)
>
> for interim assistance paid to me; and after making such deduction, the Maine Department of Human Services will promptly pay the balance, if any, to me. It is understood that in the event of disagreement, I will have the right to a Hearing from the Maine Department of Human Services with respect to such apportionment of my first payment. This agreement pertains only to initial payment of Supplemental Security Income Benefits.

On January 9, 1979, Oliver applied to the federal Social Security Administration for Supplemental Security Income (SSI) benefits.[3] She was found to be eligible, and in March 1979 the Social Security Administration issued an initial payment of $290.70 for SSI benefits retroactive to January. Therefore, this payment covered the period during which Oliver had already received assistance from the City. Pursuant to the reimbursement authorization, the Social Security Administration made this initial payment to the Maine Department of Human Services. The Department of Human Services reimbursed the City for $187.36 that the City had expended on Oliver's behalf and paid the balance of $103.34 to Oliver.

\* GLASSMAN, J., sat at oral argument and participated in the initial conference but died before the opinion was adopted.

1. The Commissioner of the Department of Human Services is a proper party to this appeal because the Department did not merely provide the tribunal for adjudication of a dispute between Oliver and the City of Augusta. *Cf. McElroy v. State Employees Appeals Board,* Me., 427 A.2d 958, 960 (1981). Oliver has also challenged action taken by the Department of Human Services in its non-adjudicatory capacity.

2. The municipal general assistance program is administered and funded by the municipality, with partial reimbursement by the State Department of Human Services, to provide immediate aid to eligible persons, under standards of eligibility determined by the municipal officers.

3. Through the Supplemental Security Income program, the federal government provides benefits for eligible aged, blind, and disabled individuals. 42 U.S.C. §§ 1381–1385. The State of Maine participates in and provides additional funding for this program pursuant to the State Supplemental Income Act, 22 M.R.S.A. §§ 3200–3275. An application to the Social Security Administration for federal SSI benefits is also an application for State supplemental income benefits. 22 M.R.S.A. § 3262.

After receiving notification of this disbursement of her retroactive SSI payment, Oliver requested and received a fair hearing from the Department of Human Services.[4] At the hearing, Oliver raised two issues. First, she argued that the reimbursement agreement had not been adequately explained to her and that she had not understood it. Second, she argued that the reimbursement program was prohibited by the Maine General Assistance Law. The fair hearing officer upheld the reimbursement, finding as a fact that the agreement had been explained to her before she signed it and that she understood that the City of Augusta would be reimbursed from her first SSI check.

The Superior Court affirmed the decision without opinion, and Oliver now appeals to this Court. Oliver does not ask this Court to review the fair hearing officer's factual findings. She argues only that the reimbursement program itself is invalid under Maine law.

The reimbursement authorization which Oliver signed was based on a written agreement between the State of Maine Department of Human Services and the City of Augusta, for the stated purpose of "assuring the availability of assistance to meet the basic needs of applicants for [SSI benefits] pending determination of their eligibility."[5] That agreement was, in turn, based on a contract between the State and the federal government, by which the State agreed to participate in the optional Interim Reimbursement Program made available by 42 U.S.C. § 1383(g).[6]

In challenging the reimbursement program, Oliver relies primarily on 22 M.R.S.A. § 4500–A, which states:

A municipality or the State which has incurred net general assistance costs for the support of any eligible person may recover the full amount expended for such support either from the person so relieved or from any person liable for his support, their executors or administrators, in a civil action. In no case shall a municipality or the State be authorized to recover, through a civil action, the full or part of the amount expended for the support of a previously eligible person:

1. Repayment. If as a result of the repayment of such amount this person would, in all probability, again become eligible for general assistance; or

2. Public assistance. If this person is presently receiving any form of public assistance.

The predecessors of section 4500–A were enacted to give the municipality a cause of action for recovery of assistance furnished to an indigent person and to create an implied promise on the part of the recipient to make that reimbursement. *See City of Auburn v. Inhabitants of Town of Farmington*, 133 Me. 213, 175 A. 475 (1934); *Inhabitants of Kennebunkport v. Smith*, 22 Me. 445 (1843). In 1977, as part of a general modernization of the municipal general assistance law, the second sentence was added to section 4500–A, limiting the scope of the power to recover through a civil action.

---

**4.** The opportunity for a fair hearing, provided by 22 M.R.S.A. § 3181, also applies to the State Supplemental Income Act. 22 M.R.S.A. § 3278. Section 3181 provides for review of the fair hearing decision by the Superior Court, pursuant to the Maine Administrative Procedure Act, 5 M.R.S.A. §§ 11001–11008.

**5.** This agreement specifies that the City shall "assure the individual that the signing of the agreement is not a condition of eligibility for receipt of local welfare." Oliver has not argued that the City failed to perform that function.

**6.** Section 1383(g)(1) provides, in part, that the Secretary may, upon written authorization by an individual, withhold benefits due

with respect to that individual and may pay to a State (or a political subdivision thereof if agreed to by the Secretary and the State) from the benefits withheld an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished on behalf of the individual by the State (or political subdivision).

"Interim assistance" is defined as "assistance financed from State or local funds and furnished for meeting basic needs during the period, beginning with the month in which the individual filed an application for [state and federal SSI benefits], for which he was eligible for such benefits." 42 U.S.C. § 1383(g)(3).

P.L. 1977, ch. 417, § 11.[7] Although both sentences of section 4500–A plainly refer to "a civil action," Oliver argues that the statute applied not only to a court action by the State or municipality, but to any procedure for recovery of general assistance. Since, as an SSI recipient, she is "presently receiving any form of public assistance," she argues that the City and the State are prohibited from implementing the reimbursement agreements.

 We conclude that section 4500–A applies only to civil suits.[8] It does not prohibit the contractual arrangement by which the recipient of general assistance agrees to have the municipality reimbursed if she subsequently receives duplicate assistance through the SSI program.

 Oliver also contends that even if the reimbursement program is not in violation of section 4500–A, the program is invalid because the Department of Human Services did not have proper authorization from the Legislature. This contention is without merit. The Department has ample authority to implement this program under 22 M.R.S.A. § 3, which gives the Department "general supervision of the interests of health and life of the citizens of the State," and under 22 M.R.S.A. § 42(1), which authorizes the Department to "issue rules and regulations considered necessary and proper for the protection of life, health and welfare, and the successful operation of the health and welfare laws." More specifically, the Legislature has authorized the Department to make agreements with the federal government for federal administration of the state supplemental income program. 22 M.R.S.A. § 3261. In 22 M.R.S.A. § 3266, the Legislature adopted, for the state SSI program, the procedural provisions of the federal law, including 42 U.S.C. § 1383(g). Since the Legislature has authorized the State's participation in the SSI program,

without specifically rejecting the optional reimbursement program, the Department of Human Services has discretion to take advantage of that option.

The entry is:

Judgment affirmed.

All concurring.

---

7. The legislative debate on the 1977 amendments to the Municipal General Assistance Law made no mention of the addition to section 4500–A. 1977 Me.Legis. Record 1551–53.

8. We note that even without the protection of § 4500–A, SSI payments are not subject to

"execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." 42 U.S.C. §§ 407 and 1383(d)(1). The reimbursement procedure authorized by 42 U.S.C. § 1383(g) is an express exception to those prohibitions.