**CITY OF WESTBROOK**

**v.**

**COMMISSIONER OF the DEPARTMENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1987.
Decided May 2, 1988.

---

Richard A. Sullivan (orally), Michael D. Cooper, Westbrook, for plaintiff.

James E. Tierney, Atty. Gen., Marina E. Thibeau (orally), Asst. Atty. Gen., Christopher St. John, Pine Tree Legal Assistance, Inc., Augusta, for amicus curiae.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

In March, 1986, the Plaintiff, City of Westbrook, was notified by the Defendant, Commissioner of the Department of Human Services, that the City's maximum levels of food assistance provided in its general assistance ordinance were in violation of state law as insufficient to maintain "health and decency" as required by 22 M.R.S.A. § 4305(3-A) (Supp.1987). On appeal from a Superior Court (Cumberland County) decision affirming such findings of an administrative hearing, the City challenges the Commissioner's authority to review the City's ordinance under the rebuttable presumption that municipal food assistance levels that fall below those incorporated in the U.S. Department of Agriculture's Thrifty Food Plan guidelines for the national food stamp program are inadequate under state law.

We find the City's challenge to be without merit.

The Commissioner of the Department of Human Services has ample authority to implement rebuttable presumptions under our statute that gives his Department "general supervision of the interests of health and life of citizens of the State." 22 M.R.S.A. § 3 (1980). More specifically, the Legislature has authorized the Department to "issue rules and regulations considered necessary and proper for the protection of life, health and welfare, and the successful operation of the health and welfare laws." 22 M.R.S.A. § 42(1) (1980). *See Oliver v. Petit*, 432 A.2d 428, 431 (Me.1981).

Turning to the general assistance program, the Legislature has ordained:

The Department of Human Services shall be responsible for the proper administration of general assistance. The department shall assist municipalities in complying with this chapter. The department shall annually review and comment on each municipal ordinance and any amendment filed with respect to its adequacy and compliance with this chapter and make any recommendations it deems appropriate to the municipality. 22 M.R.S.A. § 4323 (Supp.1987).[1]

Implicit within the authority to design rules that promote the "successful operation of health and welfare laws" is the power to create reasonable rebuttable presumptions that further agency efficiency. *See Oliver*, 432 A.2d at 431; *see generally* Jaffe, *Judicial Review: Question of Law*, 69 Harv.L.Rev. 239 (1955). The Department has the responsibility to insure that the ordinance provisions of each municipality are adequate to maintain health and decency. 22 M.R.S.A. § 4305(3-A) (Supp. 1987). The rule that is challenged here is clearly a rule of convenience to enable the Department to fulfill its supervisory responsibility. The presumption, that distinguishes food assistance ordinances that must be investigated from those that are presumed by the Commissioner to be sufficient, promotes agency efficiency by initially eliminating adequate assistance ordinances from the Commissioner's scope of review.

In sum, the regulations challenged by this appeal were an appropriate exercise of the rulemaking power delegated by the Legislature to the Department.

The entry is:

Judgment affirmed.

All concurring.

---

1. *See generally* 22 M.R.S.A. §§ 4301 *et seq.* (Supp.1987).