INHABITANTS OF RANGELEY *vs.* INHABITANTS OF BOWDOIN.

SAME *vs.* SAME.

Franklin.    Opinion December 14, 1885.

*Paupers.    Settlement.    R. S., c. 24, § 3.*

A person having a pauper settlement in the defendant town, in 1837, removed

to, and lived more than five successive years in an unincorporated place. *Held*, that he and those who derived their settlement from him, thereby lost their settlement in Bowdoin, by virtue of the provisions of St. 1883, c. 374 (R. S., c. 24, § 3).

On REPORT of facts agreed.

The opinion states the cases and the material facts.

*P. A. Sawyer*, for the plaintiffs.

Many interests are concerned in the construction which shall be placed upon the law of 1883, which is invoked as a defence to these actions. I submit that a construction which shall make it applicable only to residences in unincorporated places subsequent to the passage of the act would be more in harmony with the constitution of the state, Art. 1, § 11.

The law should not be construed as having a retroactive or retrospective effect, as such a construction would directly tend to impair the obligation of contracts, as the action for recovery of pauper supplies is founded upon the implied promise of the defendants to pay for the necessary expenditures of the plaintiffs in support of their dependents.

*J. W. Spaulding* and *F. J. Buker*, for the defendants, cited: R. S., c. 24, § 3, *Bridgewater* v. *Plymouth*, 97 Mass. 390; *Goshen* v. *Richmond*, 4 Allen, 460; *Monson* v. *Palmer*, 8 Allen, 556; *Lewiston* v. *N. Yarmouth*, 5 Maine, 66; *Appleton* v. *Belfast*, 67 Maine, 580.

VIRGIN, J. Actions for pauper supplies furnished to two families, viz: to Cyrus A. Campbell and family, from June to August, 1883, and to Mrs. Ellis and children, from June, 1883 to August, 1884.

First action: C. A. Campbell was the son of Joseph Campbell who derived his settlement from his father, Andrew Campbell.

Second action: Mrs. Ellis was once the wife of Joseph Campbell who having deceased she subsequently married one Ellis who having no settlement in this state she retained that of her former husband, if he had any.

594          RAILROAD CO. *v.* STUBBS.

Andrew Campbell had a settlement in the town of Bowdoin, in 1837, when he removed with his son Joseph — then only two years of age — to the unincorporated place of Letter C where he continued to reside more than ten years, and had never acquired any new settlement when Joseph attained his majority.

In 1883, the legislature enacted a statute, which went into effect in April of the same year, therein providing : " Whenever a person having a pauper settlement in a town, has lived or shall live, for five successive years, in any unincorporated place, he and those who derive their settlement from him lose their settlement in such town. " St. 1883, c. 374, incorporated into R. S., c. 24, § 3. And applying the concrete facts to this statute, it appears that Andrew Campbell, having a pauper settlement in Bowdoin, in 1837, has since lived more than five successive years in the unincorporated place of Letter C, and he and his son Joseph, who derived his settlement from him, lost their settlement in that town. The result is, these actions can not be maintained if the statute is valid.

Of the validity of the statute there can be no doubt. The liability of towns to relieve and support paupers has none of the elements of a contract, express or implied, (*Augusta* v. *Chelsea,* 47 Maine, 367,) but rests solely in the positive and arbitrary provisions of statute, which the legislature can change as well as originally enact. *Lewiston* v. *N. Yarmouth,* 5 Maine, 66 ; *Appleton* v. *Belfast,* 67 Maine, 579, and cases there cited. Although the residence in the unincorporated place, which was the operating cause of losing the settlement in Bowdoin, was before the statute became operative, still the cause of action — which consisted in furnishing the supplies — arose thereafter.

*Plaintiffs nonsuit in both actions.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.