### CITY OF PORTLAND *vs.* CITY OF AUBURN.

96  501
d106  247

### Cumberland.   Opinion July 15, 1902.

*Pauper.   Settlement—Loss of.   Residence without the State.   R. S., c. 24, § 3.   Stat. 1893, c. 269.*

Since the statute of 1893, c. 269, amendatory of R. S., c. 24, § 3, a pauper, who had derived a settlement in Auburn, through her husband, loses her settlement there, when her husband has lived five consecutive years beyond the limits of the state, without receiving pauper supplies from any source within the state.

It makes no difference that this residence of the husband beyond the limits of the state commenced before the enactment of the statute of 1893.

The validity of the statute and the power of the legislature to change the statutory provisions, in relation to pauper settlements and the liability of towns for the relief of paupers, are beyond question.

Agreed statement.   Judgment for defendant.

Action of assumpsit for pauper supplies.

The case is stated in the opinion.

*C. A. Strout,* city solicitor, for plaintiff.

*N. W. Harris,* city solicitor, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, POWERS, SPEAR, JJ.

WISWELL, C. J.   Action of assumpsit to recover for supplies furnished a pauper.   The case comes to the law court upon an agreed statement, from which the following facts appear:   The pauper is a married woman, the wife of one Charles F. Emerson, having been married to him during the year 1889; at the time of such marriage Emerson had his pauper settlement in the defendant city; they lived together in that city for about one year after their marriage; at the expiration of that time Emerson abandoned his wife, left the state of Maine, and has since lived beyond the limits of the state, without receiving pauper supplies from any source within the state.   The pauper, after her abandonment by her husband, continued to reside in the defendant city until the year 1896,

when she moved to the plaintiff city, and on Jan. 12, 1900, fell into distress in that city, and commenced to receive the pauper supplies sued for in this action.

The only question raised by the parties is, whether, under the statutes of this state, the pauper continued to have her settlement in the defendant city up to the time that she fell into distress and received the pauper supplies sued for. By chap. 269, public laws of 1893, the following provision was added to § 3 of c. 24 of the revised statutes: "And whenever a person having a pauper settlement in any town in this state shall hereafter live for five consecutive years beyond the limits of this state without receiving pauper supplies from any source within this state, he and those who derive their settlement from him lose their settlement in such town."

This amendment is exactly applicable to the admitted facts of this case. The pauper, by her marriage to Emerson in 1889, acquired the settlement of her husband; that settlement was then in Auburn. But the husband, for more than five consecutive years after the amendment of 1893 went into effect, and before this cause of action accrued, lived beyond the limits of this state without receiving pauper supplies from any source within the state. Thereby, in accordance with the express provision of this amendment, "he and those who derive their settlement from him" lost their settlement in the defendant city. The pauper was one who derived her settlement in Auburn from her husband, and she lost her settlement there when her husband had lived for five consecutive years, after the act of 1893 went into effect, beyond the limits of this state.

It matters not that the pauper's husband moved out of the state several years before the time that this amendment went into effect provided that after that time he continued to live out of the state the necessary length of time, without receiving pauper supplies from any source within the state.

Of the validity of the act and the power of the legislature to change the statutory provisions in relation to pauper settlements and the liability of towns for the relief of paupers, there is no question.

The entry will therefore be,

*Judgment for defendant.*