INHABITANTS OF PRESQUE ISLE *vs.* INHABITANTS OF CARIBOU.

Aroostook.    Opinion February 23, 1923.

*A legitimate child of a former marriage does not follow the pauper settlement of its mother acquired by another marriage, when its father had a pauper settlement in this State, but retains that of its father.*

A woman having a pauper settlement by virtue of marriage loses that settlement by another marriage to a man having a pauper settlement in this State and acquires that of her husband of the later marriage.

A child of the former marriage does not follow the mother's newly-acquired settlement when its father had a pauper settlement in this State but retains the father's settlement.

No question of settlement by an apprenticed or emancipated minor is involved in the case at bar.

On report on an agreed statement.    This is an action of assumpsit to recover for pauper supplies furnished to a minor son of Joseph Langley, deceased, who had at the time of his death a pauper settlement in defendant town.    After the death of his father, his mother married Ramie Landry who had a pauper settlement in plaintiff town, whose pauper settlement the mother acquired by said second marriage.    The case was reported to the Law Court under an agreed statement with the stipulation that if the minor, James Langley, had a pauper settlement in the town of Caribou, judgment was to be for plaintiffs for the amount claimed.    Judgment for the plaintiffs for the amount claimed.

The case is stated in the opinion.

*Philip D. Phair,* for plaintiff.

*Cyrus F. Small,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

PHILBROOK, J.    This is an action to recover for pauper supplies furnished to James Langley by the plaintiff town.    The case is

reported to this court for determination, upon agreed statement, with stipulation that we are to render such final judgment as the legal rights of the parties require.

AGREED STATEMENT.

"James Langley is the minor son of Joseph Langley, deceased, and Ada Landry, formerly Ada Langley. He was born in 1908 in the town of Caribou where his father, Joseph Langley had a pauper settlement. Joseph Langley died August 10th, 1916, at said Caribou. Ada Langley moved to the town of Presque Isle with said son, James Langley, in 1916. January 13th, 1918, she married Ramie Landry of said Presque Isle who had a pauper settlement in said town. The family have resided in Presque Isle since that date.

"The supplies were legally and properly furnished to the said James Langley by said town of Presque Isle as described in the account annexed to the plaintiffs' writ and to the amount therein claimed. A legal notice was given by the plaintiffs and a legal denial made by the defendants. If the pauper settlement of said minor, James Langley, is in the town of Caribou judgment is to be for the plaintiffs for the amount claimed."

The only question involved in this case is that relating to the pauper settlement of James Langley, who, during his minority, received the pauper supplies furnished by the plaintiff town. The report does not, in terms, state that he is the legitimate son of Joseph and Ada Langley, but we shall answer the question upon the hypothesis that he is a legitimate child, believing that if he were illegitimate the parties would have clearly indicated that fact in their agreed statement.

The plain provision of our statute is that legitimate children have the pauper settlement of their father, if he has any in the State; if he has not, they have the pauper settlement of their mother within it. R. S., Chap. 29, Sec. 1, Par. II. The question of settlement by an apprenticed minor does not enter into this discussion. Neither is the question of emancipated minors involved.

It is agreed that Joseph Langley, father of James, had a pauper settlement in the defendant town of Caribou. The agreed statement is not explicit upon the point but we assume that this pauper settle-

ment of the father continued until his death on August 10, 1916, at which time James was eight years old. The pauper residence of James was in Caribou at that time. Was it changed by the marriage of his mother to Ramie Landry who had a pauper settlement in the plaintiff town of Presque Isle? That the marriage changed the pauper settlement of the mother to Presque Isle must be conceded, since a wife by marriage loses her settlement and acquires that of her husband. *Bangor* v. *Wiscasset,* 71 Maine, 535. But, while the marriage of the mother to Ramie Landry, whose settlement was in Presque Isle, transferred her settlement to that town, it had no effect upon the settlement of James for it is only when the father has no settlement in this State that the children follow the settlement of the mother. *Thomaston* v. *Greenbush,* 106 Maine, 242. *Fairfield* v. *Canaan,* 7 Maine, 90; *Farmington* v. *Jay,* 18 Maine, 376.

The pauper settlement of James Langley is in the town of Caribou and the mandate must be, in accordance with the terms of the agreed statement.

*Judgment for plaintiffs for the amount claimed.*