CITY OF ROCKLAND *vs.* INHABITANTS OF TOWN OF LINCOLNVILLE.

Knox.     Opinion, April 27, 1938.

*Charles T. Smalley,* for plaintiff.
*Montgomery & Gillmor,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.     Three children, all legitimate, and infants under the age of twenty-one years, whose own father was dead, and who were living with their mother and stepfather in the home of the latter, in the city of Rockland, were, on January 31, 1936, so com-

pletely destitute of property as to require assistance by the public.

Their distress was relieved by the city.

In this action to recover for supplies, controversy here narrows, on facts agreed, to whether or not the minor paupers are chargeable to the town of Lincolnville.

Their father, on his removal from that town, in October, 1925, had, from it, in case of need, a right of support, which he apparently never invoked. He died January 18, 1929.

At the time of his death, he and his family lived in Rockland. The three children were then of his household.

The obligation of towns, regarding the relief of the poor, originates in statutory enactment, and not from contract, express or implied. *Augusta* v. *Waterville*, 106 Me., 394, 76 A., 707 ; *Auburn* v. *Farmington*, 133 Me., 213, 175 A., 475.

By the original poor laws, passed in 1821, (Chap. CXXII), when Maine commenced to legislate, and on to 1933, generally, the pauper settlement of a legitimate minor child was that of its father. The settlement remained even after the father's death. *Fairfield* v. *Canaan*, 7 Me., 90 ; *Presque Isle* v. *Caribou*, 122 Me., 269, 119 A., 584.

In 1933, P. L., Chap. 203, Sec. 2, the text of the statute was amended. The amendment, in relevancy to present issue, made the controlling section, (R. S., Chap. 33, Section 1, subd. II,) to read as follows:

"II. Settlement of children. Legitimate children have the settlement of their father, if he has any in the state; if he has not, they shall be deemed to have no settlement in the state. Stepchildren have the settlement of their stepfather, if he has any in the state; if he has not, they shall be deemed to have no settlement in the state. Children or stepchildren shall not have the settlement of their father or stepfather, acquired after they become of age and have capacity to acquire one. . . ."

Two years later, the section, as amended, was further amended. P. L. 1935, Chap. 186. This, becoming effective July 6, 1935, left the section, (R. S., *supra*,) reading, as it still reads:

"II. Legitimate children have the settlement of their father, if he has any in the state; if he has not, they shall be deemed to have no settlement in the state. Children shall not have the settlement of their father, acquired after they become of age and have the capacity to acquire one. . . ."

Edward Drinkwater's widow married again. Her second husband had no settlement in Maine. On her remarriage, in 1929, the children whose settlement is now in question became the stepchildren of the new husband. *Guilford* v. *Monson*, 134 Me., 261, 185 A., 517.

The statute, as amended in 1933, may not, however, be considered to apply in this case.

If the amendment effected a change in the settlement of the children, such change had come to an end. P. L. 1935, *supra.* Operating prospectively only, the 1935 law affected no vested right. *Appleton* v. *Belfast*, 67 Me., 579, 581.

The legislature can alter as well as enact statutes, as respects paupers and the liability of towns to provide for them. *Appleton* v. *Belfast*, supra; *Rangeley* v. *Bowdoin*, 77 Me., 592, 1A., 892.

The pauper supplies in suit were not furnished while the amendment as to stepchildren was in force, but more than six months after. The rights of parties are not to be governed by statutes which are repealed. *Ellis* v. *Whittier*, 37 Me., 548.

When the instant cause of action accrued, the three children had, under their natural father, derivatively, their settlement in Lincolnville.

In accordance with the report, the case is remanded to the Superior Court for determination of the amount due from the defendant town to the plaintiff city.

*It is so ordered.*