BAKER BUS SERVICE, INC.

v.

Edward W. KEITH et al.

Supreme Judicial Court of Maine.

Argued June 3, 1980.

Decided July 14, 1980.

William F. Hufnagel, Winthrop (orally), for plaintiff.

Wayne W. Whitney, Jr. (orally), Maine Labor Relations Bd., Augusta, Needham, Beaulieu & Thorne, Gary F. Thorne, Old Town (orally), Teamsters Local Union No. 48, Jonathan G. Axelrod, Eastern Conference of Teamsters, Bethesda, Md., for defendants.

Before McKUSICK, C. J., and WERNICK, NICHOLS, GLASSMAN and ROBERTS, JJ.

McKUSICK, Chief Justice.

Plaintiff Baker Bus Service, Inc., appeals from the judgment of the Superior Court, Kennebec County, affirming the decision of the Maine Labor Relations Board (the "Board") that plaintiff in its operation under contract of the City of Augusta's school buses was a "public employer," as defined by 26 M.R.S.A. § 962(7) (Supp. 1979),[1] subject to the Board's jurisdiction. Plaintiff asserts that under the statute a private corporation can never be a "public employer," and that even if it could, the facts of this case fail, as a matter of law, to establish that it is a "public employer."

---

1. Section 962(7) provides:

7. **Public employer.** "Public employer" means any officer, board, commission, council, committee or other persons or body acting on behalf of any municipality or town or any subdivision thereof, or of any school, water, sewer or other district, or of the Maine Turnpike Authority.

We disagree and accordingly deny the appeal.

On August 19, 1977, the Augusta Board of Education (the "City"), which had in the past operated its own school bus system and was on that date involved in collective bargaining with the recognized bargaining agent for Augusta's bus drivers, defendant Teamsters Local Union No. 48, contracted its school bus operation to plaintiff Baker Bus, a private Maine corporation. Thereafter, the union began an organizational campaign among plaintiff's bus drivers who drove the Augusta school buses. On October 5, 1977, the National Labor Relations Board refused to take jurisdiction over any matters involving plaintiff, on the ground that the NLRB consistently refuses to assert jurisdiction over essentially local school transportation operations. On December 28, 1977, the union filed a petition with the Maine Labor Relations Board for appropriate unit determination and a bargaining agent election pursuant to 26 M.R.S.A. § 966. At the outset of the hearing on the petition held before a Board hearing examiner on February 22, 1978, plaintiff moved to dismiss the petition on the ground that it was not a "public employer" subject to the Board's jurisdiction. After taking evidence on this issue the examiner issued his report, concluding that the Board did have jurisdiction because plaintiff in its Augusta school bus operations was a "public employer" as defined in section 962(7).

Plaintiff appealed to the Board, which in July, 1978, conducted a hearing of its own. On October 6, 1978, the Board affirmed the examiner's decision, ruling that plaintiff was a "public employer" "to the extent that it operates the school bus system" for the City. Plaintiff's appeal to the Superior Court was denied, and its timely appeal to this court ensued.

## I.

The Superior Court addressed itself to the unresolved question of what standard should be employed when reviewing the findings of fact made by the Maine Labor Relations Board in a unit determination proceeding. 26 M.R.S.A. § 968(4) provides that Board review of a unit determination decision "shall be subject to review by the Superior Court in the manner specified in section 972." Section 972, relating by its terms to review of arbitration decisions, provides:

### § 972. Review

Either party may seek a review by the Superior Court of a binding determination by an arbitration panel. Such review shall be sought in accordance with the Rules of Civil Procedure, Rule 80B.

The binding determination of an arbitration panel or arbitrator, in the absence of fraud, upon all questions of fact shall be final. The court may, after consideration, affirm, reverse or modify any such binding determination or decision based upon an erroneous ruling or finding of law. An appeal may be taken to the law court as in any civil action.

The Superior Court, rather than applying the standard of "final in the absence of fraud," concluded that the Board's findings are final "only if they are supported by any credible evidence." Applying that standard to review the factfindings of the Board in this case, the court held that all the Board's findings were supported by credible evidence and therefore were binding on the court.

■ Although we agree with the Superior Court that the Board's findings were sufficiently supported by the evidence, we disagree with the court's construction of sections 968 and 972. In *Sanford Highway Unit of Local 481, AFSCME v. Town of Sanford,* Me., 411 A.2d 1010, 1013 (1980), we said, in dictum, that "26 M.R.S.A. § 968(4), by reference to § 972, makes the Board's findings of fact final 'in the absence of fraud'." Section 968(4) states that Board decisions in unit determination cases shall be reviewed in the *manner* outlined by section 972, and that "manner" includes an "absence of fraud" standard of review for findings of fact. Our construction is supported by an examination of section 968(5)(F), relating to appeals in prohibited practice cases, wherein the Board's findings are ex-

pressly declared to be "final unless shown to be clearly erroneous." The sharp difference in language used in successive subsections (4) and (5) of 26 M.R.S.A. § 968 strongly indicates that the legislature truly meant the Board's findings of fact in unit determination proceedings to be accorded more finality on review than its findings in prohibited practices cases. We thus conclude that in a unit determination proceeding, the Board's findings of fact are final in the absence of fraud.

In the case at bar, there has never been the slightest suggestion of fraud. Therefore, we must regard the Board's findings of fact as final. In any event, the Superior Court's application of the stricter standard of "clearly erroneous" could in no way harm plaintiff.

We also reject plaintiff's contention that reference to M.R.Civ.P. 80B in section 972 requires a standard of review that findings of fact will not be disturbed only if they are supported by "substantial evidence." Rule 80B does not itself provide a standard of review; it merely prescribes the procedure by which the Superior Court reviews governmental action. For example, under section 968(5)(F), while *review* of the Board's prohibited practices decision is to be "in accordance with" Rule 80B, the *standard* of review is separately stated as the "clearly erroneous" rule. The Administrative Procedure Act, 5 M.R.S.A. § 8001 *et seq.* (1979), similarly provides a distinct standard of review that of "substantial evidence on the whole record." 5 M.R.S.A. § 11007(4)(C)(5). Thus, the reference in section 972 to Rule 80B imports no standard of review contrary to that expressly provided by the statute's language—final in the absence of fraud. This court's opinion in *Frank v. Assessors of Skowhegan*, Me., 329 A.2d 167, 170 (1974), should not be read to say anything to the contrary.

## II.

Plaintiff's contention that a private corporation cannot be a "public employer" is also without merit. Section 962(7) provides that a "public employer," for purposes of the Municipal Public Employees Labor Relations Law ("the Act") (26 M.R.S.A. ch. 9-A), includes "any officer, board, commission, council, committee *or other persons* or body *acting on behalf of* any municipality or town . . . or of any school . . . district." (Emphasis added) The Act defines "person" as "an individual, corporation, partnership, company or association," 26 M.R.S.A. § 1. It is thus evident that a "public employer" can be a private corporation, such as plaintiff, if it acts on behalf of a municipality.

The phrase "acting on behalf of" used by Maine to define the sweep of the term "public employer" is apparently *sui generis* in public labor relations law. By including within the definition of "public employer" a corporation, as well as natural persons, who "act on behalf of" a municipality, section 962(7) invokes the general principles of agency, which are defined in the identical terms of "acting on behalf of." *See Desfosses v. Notis*, Me., 333 A.2d 83, 86 (1975), quoting *Restatement (Second) of Agency* § 1(1) (1958). However, as the Board with the affirmance of the Superior Court properly recognized, the Act's purposes do not require that every agent of a municipality be treated as a "public employer" subject to the Act. By the established law of agency, some agents are independent contractors, while there are other agents who, if natural persons, are in contrast designated as "servants." The distinction between an agent-servant and an agent-independent contractor is whether the agent's performance with respect to his physical conduct is subject to another's control or right to control. In determining whether Baker Bus was a "public employer" under the Act, the tribunals below, in effect, applied that traditional test.[2]

2. The Board and the Superior Court erred by stating the test as being whether plaintiff was an independent contractor or an "agent." The terms "agent" and "independent contractor" are not mutually exclusive; one may be both an agent and an independent contractor. *See Restatement (Second) of Agency* § 14N (1958); *Columbia Broadcasting System, Inc. v. Stokely-*

By expanding the definition of "public employer" beyond the municipality itself, the clear legislative intendment was to insure that employees, such as the school bus drivers in this case, would not be denied the benefits and protections guaranteed by the Act when the municipality contracted its operations to a nominally separate, private business entity that actually was, for all practical purposes, the *alter ego* of the municipality. In order to effectuate the purpose of the Act,[3] the Board, in determining the rights of employees, must treat a municipality's "servant" or *alter ego* the same as the municipality itself. We must therefore determine whether Baker Bus, in providing school bus operations for the city of Augusta, acted as a "servant" subject to the City's control or right to control.

Upon review of the record we cannot say, as a matter of law, that the Board was incorrect when it concluded that there were sufficient elements of control present such that plaintiff, if a natural person, would have been the City's "servant" and, consequently, within the category of "public employer." The contract under which plaintiff operated the Augusta school buses provided, in pertinent part, that for a token fee plaintiff would lease all necessary school buses from the City and would use the leased buses exclusively in its service to the City; on the sides of the school buses were to be printed the words "City of Augusta School Department"; except in maintaining the buses, which was plaintiff's duty, the City was responsible for complying with governmental safety regulations, as well as for furnishing additional and replacement buses, installing radios, and providing comprehensive, collision, and liability insurance coverage; the City supplied all gasoline required, reimbursed plaintiff for any registration and excise taxes paid, and provided a parking lot for storage of the buses; and the City retained the right to modify, combine, or eliminate bus routes, and to veto the hiring of any driver.[4]

Plaintiff thus was not required to furnish any of the necessary equipment, supplies, or materials when it agreed to operate the school bus system for Augusta. Nor was plaintiff required to make more than a minimal capital investment. The City's retained powers over routes and the hiring of personnel establishes that plaintiff could exercise little independent judgment in carrying out the contract. On the record before us, the Board and the Superior Court were not incorrect in concluding that plaintiff, in performing its contract to operate the Augusta school buses, was acting on behalf of the City and under its control to an extent that rendered it a "public employer" for purposes of the Act.[5]

---

*Van Camp, Inc.*, 522 F.2d 369, 375 (2d Cir. 1975). As defined in the *Restatement (Second) of Agency* (1958):

§ 2. Master; Servant; Independent Contractor

. . . . .

(2) A servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master.

(3) An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. *He may or may not be an agent.*
(Emphasis added)

3. *See generally* 26 M.R.S.A. § 961 (1974), which provides:

It is declared to be the public policy of this State and it is the purpose of this chapter to promote the improvement of the relationship between public employers and their employees by providing a uniform basis for recognizing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in collective bargaining for terms and conditions of employment.

4. The finding of a veto power was the Board's only factual determination disputed by plaintiff. However, its president testified before the Board to this very fact. Even if the veto power over hiring were not present, we would not reach any different result.

5. We reject, as did the Superior Court, plaintiff's contention that the Board had previously decided, in a prohibited practices case involving the union and the Augusta Board of Education, that Baker Bus was not "acting on behalf of" the City. That prior litigation concerned only the question of whether the Board of Edu-

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

cation's contract with Baker Bus constituted a violation of its duty to bargain with the union in good faith, 26 M.R.S.A. §§ 964, 965 (1974). The issue of Baker Bus's status as a "public

employer" was neither litigated by the parties nor decided by the Board in resolving the union's prohibited practices complaint.