Keith McELROY and Maine State Employees Association

v.

STATE EMPLOYEES APPEALS BOARD and Department of Inland Fisheries and Wildlife.

Supreme Judicial Court of Maine.

Argued Jan. 8, 1981.

Decided April 6, 1981.

---

Shawn C. Keenan, Maine State Employees Association, Augusta, for plaintiffs.

Cabanne Howard, Asst. Atty. Gen., Augusta, for defendants.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

In February 1979, Keith McElroy was discharged from his employment as a Wildlife Technician with the Department of Inland Fisheries and Wildlife. Through his representative, the Maine State Employees Association, McElroy filed a grievance with

the State Employees Appeals Board, and a hearing was held in accordance with 5 M.R.S.A. §§ 751–753. The Appeals Board upheld the Department's action, finding that "the dismissal was warranted and was, in fact, for just cause."

McElroy and the Maine State Employees Association filed a complaint for review in the Superior Court, under M.R.Civ.P. 80B, and 5 M.R.S.A. § 11002 (the Maine Administrative Procedure Act), alleging that the Appeals Board's findings were not supported by substantial evidence. The Superior Court (Kennebec County) dismissed the complaint for lack of jurisdiction, stating that, under 5 M.R.S.A. § 752, the Superior Court had no power to review factual findings of the Appeals Board. The Superior Court also held that the Administrative Procedure Act did not apply and had not superseded section 752. The plaintiffs now appeal from that dismissal. We affirm the order of the Superior Court.

## I.

■ There is a long-standing practice of including the State Employees Appeals Board as a party to a Rule 80B appeal. In this case, the Appeals Board was named in the plaintiffs' complaint and has been retained in the caption of this appeal, but did not participate as an appellee in the Superior Court or before this court. We now hold that the State Employees Appeals Board is not a proper party to an appeal from its own decision.

The Appeals Board serves a purely adjudicatory function by rendering decisions in grievances and disputes within its limited jurisdiction. Its governing statutes, 5 M.R.S.A. §§ 751–753, give it no prosecutorial powers or enforcement responsibilities. Therefore, the Appeals Board should not become a partisan when its decision is questioned on appeal. The proper parties on appeal are the same parties who participated in the hearing before the Appeals Board. *Compare Inhabitants of Town of Boothbay v. Russell*, Me., 410 A.2d 554, 559–60 (1980) (zoning board of appeals of municipality has exclusively adjudicatory function

and is not proper party to an appeal *from* its own decision), *with State v. Maine Labor Relations Board*, Me., 413 A.2d 510, 512–13 (1980) (Maine Labor Relations Board is permitted to participate as party in appeal from its own decision because it has prosecutorial and enforcement responsibilities in addition to its adjudicative function).

## II.

■ We reject the plaintiffs' contention that the Superior Court can review the Appeals Board's factual decision under a "substantial evidence" test.

Section 678 of 5 M.R.S.A. provides that "[a]n appointing authority may dismiss . . . an employee for cause . . . subject to the right of appeal and arbitration of grievances set forth in sections 751 to 753 . . . ." Section 751 establishes the State Employees Appeals Board, and section 752 provides that "[t]he decision of the board shall be final and binding upon the state agency and state employees involved in the dispute . . . ."

In *State Board of Education v. Coombs*, Me., 308 A.2d 582 (1973), we recognized that, although a Rule 80B complaint is the proper procedure for seeking review of decisions of the State Employees Appeals Board, 5 M.R.S.A. § 752 strictly limits the scope of that review. We construed the "final and binding" clause of section 752 to mean:

> If the Appeals Board acts constitutionally and within its own jurisdictional framework and if the grievance alleged falls within those grievances reviewable under the act, the decision reached by the Appeals Board is not subject to judicial review and is conclusive.

*Id.* at 586. Since the plaintiffs did not allege that the Appeals Board exceeded its jurisdiction or acted unconstitutionally, the Superior Court properly dismissed the complaint.

■ The plaintiffs' argument for changing the interpretation of section 752 is based on decisions involving other state agencies whose governing statutes specifi-

cally provide for judicial review of the agency's decisions and either specify the "substantial evidence" test or make no specific provision regarding the scope of review. In *Baker Bus Service, Inc. v. Keith,* Me., 416 A.2d 727, 730 (1980), we made clear that the "substantial evidence" test does not automatically apply in every Rule 80B case, if, as here, the governing statute specifies a narrower scope of review.

### III.

 The plaintiffs also argue that the Maine Administrative Procedure Act (APA) supersedes the limitations of section 752, and makes Appeals Board decisions subject to broader judicial review. With respect to review of agency action, the APA provides:

> *Except* where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or *where judicial review is specifically precluded or the issues therein limited by statute,* any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter.

5 M.R.S.A. § 11001(1) (Supp.1980) (emphasis added). In review of the agency decision, the Superior Court may, *inter alia:*

> Reverse or modify the decision if the administrative findings, inferences, conclusions or decisions are: . . .
> Unsupported by substantial evidence on the whole record . . . .

5 M.R.S.A. § 11007(4)(C)(5).

We agree with the Superior Court's conclusion that the APA judicial review does not apply to decisions of the State Employees Appeals Board. The "final and binding" clause of section 752 satisfies the exception in section 11001(1) and precludes APA review of the Appeals Board's decision. We also base our conclusion that the Legislature did not intend the APA review to apply to Appeals Board decisions on the fact that the Appeals Board's statutes were not amended in the comprehensive revision of state statutes to bring them into conformity with the APA. P.L.1977, ch. 694.

This conclusion is consistent with our decision in *Sanford Highway Unit of Local 481, AFSCME v. Town of Sanford,* Me., 411 A.2d 1010, 1014–15 (1980). There we found that the APA did not alter the judicial review scheme of the Maine Labor Relations Act since the Legislature did not amend that act in the APA Conformity Act. We also stated that a statutory provision making the agency's decision "final in the absence of fraud" would activate the exception in section 11001(1) and preclude APA review. *Id.* at 1013.

Since we conclude that the Superior Court had no power to review the Board's factual decision, we affirm its dismissal of the complaint.

The entry is:

Judgment affirmed.

All concurring.