## DEPARTMENT OF MENTAL HEALTH AND CORRECTIONS

v.

## Mary Ann CHASE.

Supreme Judicial Court of Maine.

Argued Jan. 5, 1981.

Decided April 15, 1981.

William H. Laubenstein, III (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Sunenblick, Fontaine & Reben, Howard T. Reben, Portland (orally), Malcolm Lyons, Augusta, for Mary Ann Chase.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

■ The Department of Mental Health and Corrections appeals from an order of the Superior Court (Kennebec County) dismissing the Department's complaint, filed pursuant to M.R.Civ.P. 80B, seeking review of a decision of the State Employees Appeals Board.[1] We affirm the judgment of the Superior Court.

In 1975, Mary Ann Chase and Mary Parker were both employed in the position of Laundry Worker I at Bangor Mental Health Institute, a state institution operated by the Department of Mental Health and Corrections. When a Laundry Worker II position became vacant, both Chase and Parker applied for it, and Chase was promoted to the position in May 1975. Parker then initiated a grievance, under 5 M.R.S.A. § .753, culminating in a decision of the State Employees Appeals Board in May 1976. The Appeals Board found that Chase's skills were inferior to Parker's and ordered that Parker "be promoted to Laundry Worker II forthwith." Mary Ann Chase was not a party to the *Parker* case and the Appeals Board made no order with respect to her employment. No one sought judicial review of the *Parker* decision.

Following the *Parker* decision, the Department promoted Parker to Laundry Worker II. Although the Appeals Board had not so ordered, the Department returned Mary Ann Chase to her original Laundry Worker I position because there was only one vacancy to be filled at the Laundry Worker II level.

Chase then filed her own section 753 grievance, claiming. that she had been un-

---

1. Although it was originally named as a defendant in this action, the State Employees Appeals Board is not a proper party to a suit seeking review of its own decision. *See McElroy v. State Employees Appeals Board*, Me., 427 A.2d 958 (1981).

fairly demoted. In January 1977, the Appeals Board issued a decision stating that Chase had been demoted without just cause and ordering that she resume her Laundry Worker II position. The Appeals Board also stated that the *Mary Parker* decision had not ordered the demotion of Mary Ann Chase and that the Department had misread that decision.

The Department filed a Rule 80B complaint seeking review of the *Chase* decision on grounds that the Appeals Board had acted beyond its jurisdiction. The Superior Court dismissed the Department's complaint and the Department brought this appeal.

■ The State Employees Appeals Board had "authority to mediate the final settlement of all grievances and disputes between individual state employees ... and their respective state agencies, except in matters of classification and compensation." 5 M.R.S.A. § 752. A decision of the Appeals Board is "final and binding upon the state agency and the state employees involved in the dispute," *id.*, and is therefore not subject to judicial review "if the Appeals Board acts constitutionally and within its own jurisdictional framework and if the grievance alleged falls within those grievances reviewable under the act." *McElroy v. State Employees Appeals Board*, Me., 427 A.2d 958 (1981); *State Board of Education v. Coombs*, Me., 308 A.2d 582, 586 (1973).

The Department takes the position that the Appeals Board acted beyond its jurisdiction because its decision amounted to granting a request for creation of a new Laundry Worker II position and therefore dealt with a matter within the exclusive jurisdiction of the Commissioner of Personnel under 5 M.R.S.A. § 593. The record indicates, however, that Chase's grievance with her employer concerned her demotion or removal from a position to which she had been promoted and which she had held for over a year. She was not requesting the creation of a new position and she was not "aggrieved by the determination of the Commissioner of Personnel concerning the classification of positions, the allocation of new positions or the reallocation of existing positions in the classified service." 5 M.R.S.A. § 593.

■ The Department contends that it is unable to comply with the Board's decision because there are no open Laundry Worker II positions and the Department has no authority to create a new position. The dilemma in which the Department claims to find itself is an internal administrative problem, apparently arising from its erroneous response to the *Parker* decision and its failure to seek clarification of that decision. This problem cannot be resolved in an appeal from the *Chase* decision. The Appeals Board issued a decision on a legitimate employee grievance within its jurisdictional framework. Since the Superior Court had no power to review the decision, it properly dismissed the appeal.

The entry is:

Judgment affirmed.

All concurring.

