**1256**

John **WONE**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued Sept. 21, 1983.

Decided Oct. 20, 1983.

Richard B. Romanow (orally), Portland, for plaintiff.

Elizabeth Boynton (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The plaintiff, John Wone, appeals from an order of the Superior Court, Cumberland County, dismissing his complaint against the defendant, City of Portland, seeking relief for an unfair labor practice resulting from his misclassification as a temporary, part time employee.

At the time this litigation began, Wone had been employed by the City of Portland for six years. Although he was working thirty-five to forty hours per week, fifty weeks per year, the City classified him as a "temporary-part time" employee. The plaintiff complains that this constitutes an erroneous classification which denies him certain rights and benefits to which a public employee would be entitled under the Municipal Public Employees Labor Relations Law. 26 M.R.S.A. § 961–972 (1974 & Supp. 1982–1983). Believing that a formal complaint filed with the Maine Labor Relations Board ("Board") would be dismissed on jurisdictional grounds because of his classification by defendant as a temporary employee [1], plaintiff bypassed the administrative agency and sought judicial relief.

The Superior Court dismissed the plaintiff's complaint on the ground that it should have been brought to the Board in the first instance.

We agree with the Superior Court and affirm the judgment.

As a matter of judicial policy, we decline to decide an issue concerning which the Board has authority to decide until the administrative agency has considered the issue. [2]

Wone may be entitled to administrative relief under the statute if he is a "public employee," which term excludes "temporary, seasonal or on-call employee[s]." 26 M.R.S.A. § 962(6)(G). The Board previously has decided similar questions regarding the status of the parties. *See City of Bangor v. A.F.S.C.M.E., Council 74,* 449 A.2d 1129 (Me.1982) (whether persons hired as seasonal laborers who worked on a perma-

---

1. Appellant states that he "approached" the Board and was told that he was not within its purview due to his classification but nowhere in the record does this appear.

2. *See Bar Harbor Banking & Trust Co. v. Alexander,* 411 A.2d 74 (Me.1980) and cases cited therein; *See also Drayton v. Poretsky Management, Inc.,* 462 A.2d 1115 (D.C.App.1983).

nent full time basis were "temporary" employees under section 962(6)(G)); *Baker Bus Service, Inc. v. Keith,* 416 A.2d 727 (Me. 1980) (whether a private bus company operating under a contract with a school board was a "public employer" under section 962(7)).

Although the status issues in *City of Bangor* and *Baker Bus Service, Inc.* were not addressed in a jurisdictional context, no valid reason has been suggested for divesting the Board of its authority to determine whether it has jurisdiction in a given case. In making such a determination, the Board would not be bound by the classification used by the City of Portland.

In the absence of a prior consideration of this matter by the Board, we decline to decide the issue.

The entry is:

Judgment affirmed.

All concurring.