STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            CIVIL ACTION
                                        DOCKET NO. AP-11-19
                                        *MMM-KEN- 9/19/2011*


GEORGE LODER,
      Petitioner

                                        **ORDER**
                                        **ON MOTION**
      v.                                **TO DISMISS**

STATE OF MAINE DEP'T
OF PUBLIC SAFETY/BUREAU
OF HUMAN RESOURCES,
      Respondent, Party in Interest

      and

STATE OF MAINE CIVIL
SERVICE APPEALS BOARD,
      Agency


This matter comes before the Court on Respondent's motion to dismiss Petitioner's Rule 80C Petition. Respondent moves pursuant to M.R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief may be granted. For the reasons that follow, the Respondent's motion to dismiss is granted.


## BACKGROUND


The Petition sets forth the following facts. Petitioner George Loder ("Loder") is a Maine State Trooper employed by Respondent, the State of Maine Department of Public Safety ("Respondent"). In 2008, Loder was denied a series of promotions that he believed to be in violation of law. Loder is a member of the Maine State Trooper's Association and, as such, is bound by a Collective Bargaining Agreement ("the Agreement") between the Maine State Trooper's Association and the Respondent. The Agreement provides for arbitration to resolve many types of work-related disputes, but it specifically provides that promotional disputes are to be resolved using "existing procedure."

1

Loder filed a Petition with the State Civil Service Appeals Board ("the Appeals Board"). On January 4, 2011, the Appeals Board held a hearing to examine whether it had jurisdiction to decide the merits of Loder's case. On March 25, 2011, the Appeals Board issued a decision stating that it did not have jurisdiction to proceed on the merits.

On April 11, 2011, Loder filed a Petition for review of final agency action pursuant to M.R. Civ. P. 80C. On April 27, 2011, Respondent filed the present motion to dismiss. On May 18, 2011, Loder filed an opposition to the motion.

### DISCUSSION

1. *Does the Superior Court Have Subject Matter Jurisdiction to Hear Loder's Appeal?*

Broadly speaking, 5 M.R.S.A. § 11001(1) provides that any person aggrieved by final agency action may seek review in the Superior Court "except . . . where judicial review is specifically precluded or the issues therein limited by statute." The issue the parties have raised is whether 5 M.R.S.A. § 7082(4) specifically limits the Superior Court's jurisdiction in this case.

Under § 7082(4), Appeals Board decisions shall be "final and binding" upon the agency and the employee involved in the dispute. Additionally, § 7083(5) states that the written decision of the Appeals Board "shall be binding on the parties involved."

The Law Court has held that the phrase "final and binding" is not so broad as to preclude Superior Court review of Appeals Board decisions. *State Bd. of Educ. v. Coombs*, 308 A.2d 582, 585 (Me. 1973). At the same time, however, the Appeals Board is designed to settle disputes "expeditiously, inexpensively, and finally." *Id.* Thus, while Superior Court review under M.R. Civ. P. 80C is appropriate in some circumstances, § 7082(4) "strictly limits" its scope. *McElroy v. State Emps. Appeals Bd.*, 427 A.2d 958, 960 (Me. 1981).

More precisely, the Law Court has construed the phrase "final and binding" to mean that "if the Appeals Board acts constitutionally and within its own jurisdictional framework and if the grievance alleged falls within those grievances reviewable under the act, the decision reached by the Appeals Board is not subject to judicial review and is conclusive." *Coombs*, 308 A.2d at 586. Put differently, if there *are* questions as to the Appeals Board's jurisdiction over a dispute, that is a matter appropriate for Superior Court review under M.R. Civ. P. 80C.

2

For instance, the Law Court held that jurisdiction did not lie when a state employee petitioned the Superior Court for review of an Appeals Board[1] decision to uphold his dismissal from the Department of Inland Fisheries and Wildlife. *McElroy*, 427 A.2d at 960. In that case, the employee asked the Superior Court to review the Appeals Board's factual findings under a "substantial evidence" test. *Id.* The Court found no jurisdiction because "the plaintiffs did not allege that the Appeals Board exceeded its jurisdiction or acted unconstitutionally." *Id.*

In this case, the basis for Loder's M.R. Civ. P. 80C Petition is that the Appeals Board "erred as a matter of law when it concluded that it does not have jurisdiction to hear this matter." (Loder Pet. ¶ 9.) The Appeals Board did not address the merits of his case, and, thus, the issue that Loder presents to this Court is purely jurisdictional in nature. Respondent argues only that the Appeals Board "acted constitutionally and within its own jurisdictional framework," (Mot. Dismiss 4), without acknowledging the existence of the dispute. Unlike the employee in *McElroy*, who wanted the Court to reevaluate the Appeals Board's factual decision, Loder merely asks this Court to assume jurisdiction in order to resolve a valid dispute over the Appeals Board's jurisdiction. As such, this Court's jurisdiction is proper in this case.

2. *Does Loder's Petition State a Claim Upon Which Relief May be Granted? Does the Appeals Board have jurisdiction to hear his claim?*

"When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), 'the material allegations of the complaint must be taken as admitted.'" *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83). Generally, only the facts stated in the complaint will be considered on a motion to dismiss and must be taken as true. *Id.* ¶ 8 (citation omitted). The court must assess the complaint in the light most favorable to the plaintiff to decide whether it "'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Id.* ¶ 7 (quoting *In re Wage Payment Litig.*, 2000 ME 162, ¶ 3, 759 A.2d 217). "A

---

[1] The agency in place at that time was the Maine State Employees Appeals Board, and current 5 M.R.S.A. § 7082(4) was contained in 5 M.R.S.A. § 752.

dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Id.* ¶ 7 (quotations omitted).

In this case, whether there exists a claim upon which relief may be granted depends on the scope of Appeals Board jurisdiction. The scope of Appeals Board jurisdiction, in turn, depends on the Court's interpretation of two potentially conflicting provisions: 26 M.R.S.A. § 979-K ("§ 979-K"), which governs grievance arbitration under the Maine State Employees Labor Relations Act, and 5 M.R.S.A. § 7085 ("§ 7085"), which specifically governs application of the Appeals Board provisions. First, § 979-K states:

> An agreement between a bargaining agent and the public employer may provide for binding arbitration as the final step of a grievance procedure, provided that any such grievance procedure shall be exclusive and shall supersede any otherwise applicable grievance procedure provided by law. If no such provision is contained in the collective bargaining agreement, the parties shall submit their differences for resolution by the State Civil Service Appeals Board.

In contrast, § 7085 states that the subchapter governing the Appeals Board "applies to those employees who are excluded from bargaining . . . ." Put simply, § 979-K seems to *include* bargaining employees in Appeals Board jurisdiction, while § 7085 seems to *exclude* bargaining employees from Appeals Board jurisdiction. In this case, there is no dispute that Loder is a bargaining employee, as he is bound by the Agreement between the Maine State Troopers Association and the Respondent. Thus, to determine whether Appeals Board jurisdiction extends to Loder in this case, the Court must address, (1) whether a true conflict exists between the two statutes, and, if so, (2) which statute controls under principles of statutory construction.

The first task is to determine whether there is a true conflict between the two statutes, or conversely, whether they can somehow be harmonized. When two statutes appear to be inconsistent, the court should attempt to harmonize them if a reasonable interpretation will allow it. *Butler v. Killoran*, 1998 ME 147, ¶ 8, 714 A.2d 129 (citation omitted). At the same time, "[t]he principle of 'harmonious' statutory construction cannot contravene the intent of the Legislature in adopting one of the statutes that creates the conflict." *Id.* ¶ 9 (citation omitted).

In this case, there is no logical way to harmonize the two statutes. In concluding as such, the Court rejects Loder's argument that "[t]hese two statutes can be read harmoniously to mean that all employees are included" in Appeals Board jurisdiction, not just those excluded from bargaining. (Opp. Mot. Dismiss 4.) In other words, Loder seems to argue that, because § 7085

4

does not expressly exclude employees who are involved in bargaining, the statute should be read to cover all employees. However, the Court can think of no reason why the Legislature would specifically add § 7085,[2] which states in its entirety that the subchapter applies to "those employees who are excluded from bargaining," if it intended the subchapter to apply to all employees. If that were the case, the addition of § 7085 would be meaningless, and "nothing in a statute may be treated as surplusage if a reasonable construction supplying meaning and force is otherwise possible." *Labbe v. Nissen Corp.*, 404 A.2d 564, 567 (Me. 1979) (citations omitted). The fact that the Legislature did not specifically exclude bargaining employees from § 7085 cannot be read to contravene its only reasonable construction. Thus, there exists a true conflict between the statutes in question.

Because a conflict exists, the issue becomes which statute controls resolution of the issue before the Court. The principle purpose in the task of statutory construction is to give effect to the Legislature's intent. *Id.* (citations omitted). In doing so, the first place to look is the plain language of the statutes in question. *Id.* (citations omitted). In this case, the plain language is not useful, as it results in the conflict explained above.

More useful are the following two rules of statutory construction. First, "a statute dealing with a subject specifically prevails over another statute dealing with the same subject generally." *Butler*, 1998 ME 147, ¶ 11, 714 A.2d 129 (citation omitted). Generally, the more specific statute will prevail even if passed before the general statute. *See South Portland Civil Service Comm'n v. City of South Portland*, 667 A.2d 599, 601 (Me. 1995) (citations omitted) ("[A] more specific statute will be given precedence over a more general one, regardless of their temporal sequence.").

Second, one statute may repeal another earlier statute "by implication" when the later statute "encompasses the entire subject matter of an earlier act, or when a later statute is inconsistent with or repugnant to an earlier statute." *Fleet Nat'l Bank v. Liberty*, 2004 ME 36, ¶9, 845 A.2d 1183 (citation and quotations omitted). Although repeals by implication are not preferred, *id.*, they are recognized based on the reasonable conclusion that the Legislature could not have "intended that there should be two distinct enactments embracing the same subject matter in force at the same time, and that the new statute, being the most recent expression of the

---

[2] The Civil Service Appeals Board first existed as the "State Employees Appeals Board" starting in 1967. P.L. 1967, ch. 539, § 1; P.L. 1975, ch. 771, § 57, eff. Jan. 4, 1977. There was no provision analogous to current § 7085 before it was specifically added in 1986.

legislative will, must be deemed a substitute for previous enactments, and the only one which is to be regarded as having the force of law," *Lewiston Firefighters Ass'n v. City of Lewiston*, 354 A.2d 154, 159-60 (Me. 1976) (citation and quotations omitted). As a practical matter, moreover, we cannot presume the Legislature to have the complete knowledge necessary to identify all earlier statutes to be repealed by a new, conflicting statute. *Liberty*, 2004 ME 36, ¶ 21 n.6, 845 A.2d 1183 (citation omitted) (Levy, J., dissenting).

In this case, it is not immediately obvious whether one statute is more specific than the other: § 979-K includes bargaining employees in the scope of Appeals Board jurisdiction, while § 7085 excludes the same. In that manner, neither statute appears to occupy a more specific area of law than the other. From a different angle, however, § 7085 is more specific in that the section is devoted specifically and exclusively to limiting the jurisdiction of the Appeals Board. Section 979-K, on the other hand, is devoted more generally to state employee grievance procedure, including Appeals Board review as the final step for bargaining employees when arbitration is not included in their collective bargaining agreements.

Additionally, § 7085 was enacted after § 979-K.[3] Thus, because § 7085 is "inconsistent with or repugnant to" § 979-K, it repeals the latter by implication as laid out in *Liberty*. Taken together, the facts that § 7085 is specific in its purpose of limiting Appeals Board jurisdiction and is the more recent of the two provisions lead the Court to conclude that § 7085 controls the issue at hand.

In the alternative, even if § 979-K controls, a careful reading of that provision reveals that Appeals Board jurisdiction does not extend to an employee in Loder's position. The final clause of § 979-K reads: "If no [arbitration] provision is contained in the collective bargaining agreement, the parties shall submit their differences for resolution by the [Appeals Board]." The Agreement in this case *does* contain an arbitration provision designed to cover a variety of disputes. Loder argues that, because promotion disputes specifically are not subject to

---

[3] Section 979-K was enacted in 1973. P.L. 1973, ch. 774. Section 7085 became effective in 1986 as part of a scheme to implement the Civil Service Appeals Board in place of the "State Employees Appeals Board" and the "State Personnel Board." P.L. 1985, ch. 785, § B, 38. The State Employees Appeals Board existed prior to 1986 and was bound by provisions very similar to current 5 M.R.S.A. §§ 7081-7084, but there was no provision analogous to § 7085. 5 M.R.S.A §§ 751-753, *repealed by* P.L. 1987, ch. 402, § B, 2. While § 979-K was amended in 1986, it was only to change the language "State Personnel Board" to "Civil Service Appeals Board." Thus, we regard § 7085 as the more recent of the two statutes.

6

arbitration, his matter falls within Appeals Board jurisdiction. The statute does not separately address how to resolve disputes that are specifically excepted from an otherwise arbitration-based collective bargaining agreement. In the absence of specific statutory guidance to this effect, the Court takes the words of the statute at face value. Thus, because the Agreement binding Loder in this case does contain an arbitration clause within it, his dispute is not subject to Appeals Board jurisdiction.

Thus, even taking the facts in the 80C Petition as true, Loder is not entitled to relief because the Appeals Board lacks jurisdiction to hear his dispute.


The entry shall be:

The Respondent's motion to dismiss is GRANTED.

This Order shall be noted on the Docket as incorporated by reference pursuant to M.R. Civ. P. 79(a).


9/14/11
DATE

M. MICHAELA MURPHY,
SUPERIOR COURT JUSTICE